# In re Crescent Beach Association

[ 224 A.2d 915 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Francis R. Peisch* for objecting landowners.

*Latham & Eastman* for the Association.

**Barney, J.** The Association's second application for zoning board permission to operate a private beach was successful. The project involved the purchase of two adjoining beach-front lots in a residential

development. The Association proposed to operate a private beach in these lots for the benefit of residents ·of the neighboring Crescent Woods area who became members of the Association.

The ruling of · the zoning board of adjustment was appealed to the county court, where, after hearing, the court made findings and issued an order. The findings determined that the second application contained a number of proposed limitations on use not in the first application. Further, the court found that the zoning board elected to hear the new petition to determine whether or not new or ·changed circumstances would be shown, and found that the board concluded that new or changed circumstances were shown. The court issued an order modifying but confirming the disposition made by the zoning board of adjustment.

The appellants bring but two questions here. The first question seeks to question the jurisdiction of the zoning board of appeal to hearing the second appplication without a finding that the second appeal differs from the first or that the circumstances and conditions surrounding the appeal have changed.

In order that there be some finality to administrative determinations it is a requirement that successive applications be different in content or show that a change in circumstances has intervened. 58 Am. Jur., "Zoning" §227, p. 1060; 101 C.J.S., "Zoning" §314, p. 1097. This requirement is not to be technically and narrowly imposed, but yet enforced to the extent that property interests may be settled and stable, and property owners protected from harassment. *Thompson* v. *Smith,* 119 Vt. 488, 508, 129 A.2d 638. But it has been determined in this case that the substantive requirements for a second application have been met. The facts support that finding.

The appellant's position would oust jurisdiction in the board only because of the lack of a specific finding on this point in the board's own proceedings. Although the statute, 24 V.S.A. §3016, directs the board to keep minutes, there is no requirement for specific findings. It must be borne in mind that this is a board of laymen, carrying out a proceeding intended to offer redress without insistence on technical procedural rules. *Badger* v. *Rice,* 124 Vt. 82, 85, 196 A.2d 503. Therefore, the board's jurisdiction did not fail merely because they did not formalize, in a finding, their determination that the second application was substantively qualified for consideration.

The second issue relates to the court's modification of the order of the board of adjustment. Modification is authorized under 24 V.S.A. §3023. Inspection discloses that the modifications amount only to making more definitive the limitations put upon the association's beach project by the board. The Association is not questioning the modification, and the interest of the appellants permitting them to question the changes is tenuous, at least. See *Page* v. *Cave,* 94 Vt. 306, 311, 111 A. 398. Be that as it may, this is certainly no such interference with the authority and discretion of the board of adjustment as is contemplated by the proscription in *Rutland* v. *Keiffer,* 124 Vt. 357, 367, 205 A.2d 400. The substantive direction of the board's order has not been altered nor its purposes at all compromised. It prevails over the challenge by the appellants.

*Judgment affirmed.*