## Robert B. and Virginia B. Harvey v. Town of Waitsfield

[401 A.2d 900]

No. 5-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 14, 1979

Motion for Reargument Denied April 12, 1979

*Burgess & Normand, Ltd.—John K. Dunleavy* (On the Brief), Montpelier, for Plaintiffs.

*Joseph E. Frank* and *John T. Sartore* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant.

**Daley, J.** The plaintiffs were denied permission, in March, 1975, to house a small used car business in a garage on their property. Their premises are in an area zoned "Agricultural-Residential District." The Waitsfield Zoning Administrator denied the application on the ground that a used car dealership was not a use by right in that zone. The plaintiffs then applied to the Zoning Board of Adjustment for a conditional use permit. This was denied, after public hearing, as not being either a permitted or conditional use under the criteria of the town zoning ordinance for their zoning district.

In May, 1975, the plaintiffs filed this action in Washington Superior Court, seeking damages, injunctive and declaratory relief. The action appears to have two aspects. First, it purports to be an appeal from the denial of the conditional use permit. Second, it also seems to be advanced as an original proceeding. In

view of the provisions of 24 V.S.A. § 4472 setting out an appeal to the superior court as the exclusive method of review of actions under a zoning law established in accordance with 24 V.S.A. chapter 117—except for the special provisions with respect to constitutional challenges to a zoning by-law or development plan in 24 V.S.A. § 4472(b)—we must initially determine if an appeal was properly taken.

■ 24 V.S.A. § 4471 places appeals from zoning boards of adjustment under V.R.C.P. 74, since the procedures for appeals from state agencies under sections 801 through 816 of Title 3 are to govern. That rule provides that the notice of appeal shall be filed with the clerk or other appropriate officer of the agency in the manner, and within the time, required by V.R.A.P. 3 and V.R.A.P. 4. In this case, no such notice of appeal was filed. Since this Court has many times held that failure to file the notice of appeal within the prescribed time period deprives the tribunal appealed to of jurisdiction over the appeal, *Village of Northfield* v. *Chittenden Trust Co.*, 128 Vt. 240, 241, 260 A.2d 406 (1969), it goes without saying that an entire failure to file a notice of appeal must also foreclose such review.

Since no appeal to the superior court was accomplished, we must examine the case to see if the issues advanced were properly for its disposition in an original action. Section 4472(b) of Title 24 states:

> The remedy of an interested person with respect to the constitutionality of any one or more of the provisions of any bylaw or development plan shall be governed by the Vermont rules of civil procedure with a de novo trial in the superior court. In such cases hearings before the zoning board of adjustment shall not be required.

Assuming for the purposes of this litigation that this action comes within the exception of 24 V.S.A. § 4472(b), the question then to be answered is whether any part of the complaint relates to the constitutionality of any of the provisions of any of the by-laws or development plan of the Waitsfield zoning regulations, and, if so, whether such issues have been appealed.

The plaintiffs' brief advances three issues: The first is based on the denial of their motion for summary judgment. The record reveals that the plaintiffs' motion was based on a claim that the Town of Waitsfield, in adopting or attempting to adopt its zoning

ordinance, failed to comply with the provisions of 24 V.S.A. §§ 4301–4493. The second contends that even if summary judgment was correctly denied, it was error thereafter to exclude evidence of this claimed failure at the hearing on the merits. The third point briefed argues that the denial of the plaintiffs' claim for damages under 42 U.S.C. § 1983 constitutes error.

We turn first to the issues relating to the denial of summary judgment. Neither the contention that summary judgment was improperly denied nor that the evidence was improperly excluded falls within the requirements of 24 V.S.A. § 4472(b). As already noted, that section limits actions for review outside the scope of 24 V.S.A. § 4472(a) to constitutional challenges to a zoning by-law or development plan. The claim made here is one of failure to comply with the statutory requirements for adoption of a zoning ordinance, not that any provision of that ordinance is unconstitutional. Failure to follow statutory procedures for adoption is an issue which must be raised under 24 V.S.A. § 4472(a).

The third issue raised by the appeal derives from the plaintiffs' claim of an unconstitutional deprivation of property, in violation of 42 U.S.C. § 1983. That section of the U.S.C. is not dependent upon the zoning appeal mechanism set out in 24 V.S.A. § 4472, and the part of the complaint relying on its provisions was, accordingly, properly before the superior court. The gist of the claim is that the Town violated their due process rights by denying them a zoning permit under the authority of an ordinance which they alleged to be invalid. They made no claim of malice in the denial of the permit. Upon the defendant's motion, the trial court granted summary judgment against the plaintiffs as to that part of their complaint. We affirm. Absent a claim of malice or bad faith, the mere allegation that town officers acted under the authority of an allegedly invalid zoning ordinance does not state a claim upon which relief can be granted. See *Brault* v. *Town of Milton*, 527 F.2d 730, 738–40 (2d Cir. 1975).

*Judgment affirmed.*