## Kenneth and Michelle Boutwell v. Town of Fair Haven

[527 A.2d 225]

No. 85-153

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.**

Opinion Filed February 20, 1987

---

*Parisi & Burke, P.C.*, Castleton, for Plaintiffs-Appellants.

*Paul S. Kulig* of *Keyser, Crowley, Banse & Facey*, Rutland, for Defendant-Appellee.

**Allen, C.J.** Plaintiffs appealed to the superior court from a denial of their application for permission to divide an apartment into two apartments. The superior court reversed and granted the requested variance. This Court vacated the judgment and remanded for a determination of subject matter jurisdiction. On remand, the superior court concluded that it did not have subject matter jurisdiction, and plaintiffs appeal from that determination. We affirm.

Plaintiffs first applied for a permit early in 1981. On March 19, 1981 the town zoning administrator denied the application on grounds that the lot was undersized. On April 13, 1982 plaintiffs attempted to file a second application for the apartment construction which the administrator refused to accept.

The second application was refiled on December 3, 1982 and was denied by the zoning administrator on December 15, 1982. Plaintiffs appealed to the board of adjustment, which affirmed the administrator's decision. Plaintiffs then appealed to the superior court, which concluded that the board of adjustment's findings and conclusions were inadequate and reversed, ordering that the variance be deemed granted by operation of law, relying upon *Potter* v. *Hartford Zoning Board of Adjustment*, 137 Vt. 445, 407 A.2d 170 (1979).*

---

* *Potter* was subsequently overruled by our decision in *City of Rutland* v. *McDonald's Corp.*, 146 Vt. 324, 503 A.2d 1138 (1985). Since this appeal is based on

Defendant moved in this Court to vacate the superior court order on grounds that the court lacked subject matter jurisdiction. The Town urged that the second attempted application by plaintiffs was immediately denied when the administrator refused to accept it and that no timely appeal from that action was taken. After remand by this Court to determine if the superior court had subject matter jurisdiction, the court found that plaintiffs had not been untimely in filing their appeal, based on the fact that plaintiffs' second application had been resubmitted, and that a timely appeal from that denial had taken place.

Having disposed of defendant's principal argument on its motion to vacate, the court nevertheless determined that it lacked jurisdiction. It found that plaintiffs had never filed an appeal from the March 19, 1981 denial of their first application and that jurisdiction over the same application refiled on December 3, 1982 was barred under 24 V.S.A. § 4472(d).

Plaintiffs urge on appeal that there was no evidence that the 1981 and 1982 applications were identical, and that the second application was therefore proper since the decision of the board did not relate to the first application.

■ The failure to effect a timely appeal extinguishes subject matter jurisdiction. *Harvey* v. *Town of Waitsfield*, 137 Vt. 80, 82, 401 A.2d 900, 901 (1979). The affirmative prohibition against bringing another identical action after failure to appeal under 24 V.S.A. §§ 4464 or 4471 is clear:

> (d) Upon the failure of any interested person to appeal to a board of adjustment under section 4464 of this title, or to appeal to a superior court under section 4471 of this title, all interested persons affected shall be bound by such decision or act of such officer, such provisions, or such decisions of the board, as the case may be, *and shall not thereafter contest, either directly or indirectly, such decision or act, such provision, or such decision of the board in any proceeding, including, without limitation, any proceeding brought to enforce this chapter.*

24 V.S.A. § 4472(d) (emphasis added). If a board or court were to entertain an appeal from the denial of an application previously

---

other grounds, however, the issues raised by the trial court's original reliance on *Potter* are not before us.

denied and not appealed, 24 V.S.A. § 4472(d) would deprive the tribunal of subject matter jurisdiction.

Whether the court properly found that the 1981 and 1982 applications were not "different in content" depends upon our holding in *In re Crescent Beach Association*, 126 Vt. 140, 141, 224 A.2d 915, 916 (1966). It was the defendant's burden, upon asserting the bar of the 1981 application, to come forward with evidence that plaintiff had submitted the 1981 application, that it was the same as the 1982 application, and that it had been denied without appeal. Although the 1981 application was not introduced at the hearing, the zoning administrator testified about its denial. The denial form indicated that the substance of the application in 1981 was identical to that of the 1982 application. While the denial form did not indicate the lot size, it was plaintiffs' obligation to show that the lot size had changed or that other "change in circumstances [had] intervened." *In re Crescent Beach Association*, 126 Vt. at 141, 224 A.2d at 916.

While plaintiffs contend that there was "no evidence that the application filed by the Appellants on April 13, 1982 was for the same proposal" as the 1981 application, the 1981 denial and the 1982 application gave the court ample basis to compare the two, especially in light of the only relevant fact recited in the denial of the 1981 application—the minimum lot requirement per family dwelling unit. There was sufficient evidence for the trial court to conclude that the applications were the same.

Plaintiffs argue further that the 1982 application should have been deemed granted because it was submitted on April 14, 1982 and not denied until December, 1982. See 24 V.S.A. § 4464(a). The court, however, found that the application had been resubmitted by plaintiffs on December 3, 1982, and there is no reason suggested by plaintiffs for us to challenge that finding. Their argument under 24 V.S.A. § 4464(a) must fail.

*Affirmed.*