STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Patrick       }
Simoneau and William Penrod   }
                           }   Docket No. 210-9-00 Vtec
                           }
                           }

Decision and Order on Appellants' Motion for Summary Judgment

Appellants Patrick Simoneau and William Penrod appealed from a decision of the Planning Commission of the Town of Colchester approving Appellee-Applicant Winooski Valley Park District' s application for site plan approval. Appellants are represented by Liam L. Murphy, Esq.; Appellee-Applicant is represented by Scot L. Kline, Esq.; the Town is represented Richard C. Whittlesey, Esq. Appellants have moved for summary judgment on Question 1 of their Statement of Questions: whether Appellee-Applicant' s application for site plan approval is an impermissible successive application.

The following facts are undisputed unless otherwise noted.

On publicly-owned lands surrounding Colchester Pond, Appellee-Applicant has sought in several stages to extend or improve a loop trail for pedestrian traffic. Appellants own properties contiguous to the southerly portion of the circumference, the only portion without an improved trail.

In 1996, Appellee-Applicant had received site plan approval to construct a 610' gravel access drive and 60' by 100' parking area. The parking area is located near Appellants' properties. Appellants were concerned that pedestrians who walked the trail would trespass over Appellants' properties to return to the parking area rather than retracing their steps around the pond. Condition #6 of the 1996 site plan provided that any future construction of trails around the south end of the pond would require " review and approval by the Planning Commission as a Site Plan application." The 1996 site plan approval and conditions was not appealed and hence became final.

The Zoning Administrator issued to Appellee-Applicant a notice of violation dated July 7, 1998, citing as the violation: " [s]pecifically you have constructed a trail around the south end of the pond, in violation of the Planning Commission' s 1996 approval," making reference to condition #6 as set forth above. Appellee-Applicant appealed the Notice of Violation to the Zoning Board of Adjustment, which upheld it, and then appealed to the Environmental Court, which issued a summary judgment decision. In re: Appeal of Winooski Valley Park District, Docket No. 201-11-98 Vtec (Vt. Envtl. Ct., June 14, 1999). The appeal eventually was withdrawn.

On June 22, 1998, Appellee-Applicant submitted an application for site plan approval, describing the project as:

placement of a boardwalk through about 400 l[inear] f[eet] of wetlands, to complete a 2½ mile path around Colchester Pond. An informal path exists. The proposed improvements would clearly delineate existing foot traffic. Proposed development to include (1) Two 16' x 4' bridges (2) removable 8' x 4' footbridges (3) a wooden stairway (4) fencing and (5) signs.

The Planning Commission denied site plan approval in a written decision dated October 14, 1998, on the basis that the project would adversely affect the character of the area. The 1998 Planning Commission decision describes the project as a " series of boardwalks[,] bridges, fencing, and a staircase through the southwest corner of the pond." It specifically noted that " [t]his application does not include the construction of the footpath." The 1998 Planning Commission decision was not appealed and hence became final.

On June 13, 2000, Appellee-Applicant submitted an application for site plan approval, describing the project as:

establishment of a footpath, about 1400' long x 2' wide, which would complete a 2½ mile loop trail around Colchester Pond. Path within publicly-owned parkland. No structures proposed. No fill."

While the earlier denied proposal sought to complete the trail around the south end of the pond by constructing a boardwalk near and at times through the wetlands, the 2000 application proposes no structures and substantially reroutes the planned trail away from sensitive wetlands onto property previously thought to be outside the park-owned land. The Planning Commission first voted to consider this a new application as compared to the one denied in 1998, and then approved the site plan with conditions in its August 15, 2000 decision, on appeal in the present case.

In the present motion, Appellants argue that the current site plan application is an impermissible successive application and hence should be denied outright on res judicata or collateral estoppel grounds. A Planning Commission need not consider a successive application for a project rejected in a prior application unless either the application or some other circumstance has changed. In re Application of Carrier, 155 Vt. 152, 158 (1990), citing (cf.) In re Crescent Beach Assn., 126 Vt. 140, 141, (1966); applied by the Environmental Court in, e.g., Appeal of Addison County Eagles, Docket No. 13-1-00 Vtec (Vt. Envtl. Ct., May 7, 2001); Appeal of 31 Hyde St. Assn., Docket No. 218-11-98 Vtec (Vt. Envtl. Ct., March 27, 2000); Appeals of Miserendino, Docket Nos. 85-5-99 Vtec and 191-10-99 Vtec (Vt. Envtl. Ct., Jan. 13, 2000).

The applicant must demonstrate that the successive application is different in content or that changed circumstances have intervened. See In re Crescent Beach Ass' n, 126 Vt. 140, 141 (1966); In re Application of Carrier, 155 Vt. 152, 158 (1990). The Planning Commission, and hence this Court, may consider a successive application particularly if " the modified proposal is sufficiently changed to satisfy concerns that prevented approval of the prior application." Carrier, 155 Vt. at 158-59. See also, e.g., In re: Appeal of Wesco, Inc., Docket No. 4-1-99 Vtec (Vt. Envtl. Ct., Aug. 23, 1999) (changes in new application, though perceptibly small, sufficient to warrant review because they addressed court' s earlier ruling).

The 1998 application did not propose to create or make any changes to the footpath, but rather to construct a boardwalk through the wetlands, with an associated stairway, fencing and signage. It was denied largely due to objections to the construction of a boardwalk through the wetlands. Appellee-Applicant's 2000 application proposes a footpath featuring no structures whatsoever and routed away from the wetlands. The 2000 application before the Court in the present case is sufficiently different from the 1998 application to warrant consideration on its merits by the Planning Commission, and hence this Court.

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is DENIED and summary judgment is entered in favor of Appellee-Applicant on Question 1 of the Statement of Questions. We will hold a telephone conference on June 1, 2001 to determine whether and when the remainder of the case should be scheduled for a hearing.

Done at Barre, Vermont, this 21st day of May, 2001.


_____
Merideth Wright
Environmental Judge