STATE OF VERMONT

ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| In re Geddes Planned Unit Development | } | Docket No. 231-11-09 Vtec |
| (Appeal of Lindala) | } | |

Decision and Order on Pending Motions

Appellant Roger Lindala appealed from a decision of the Planning Commission of the Town of Bakersfield, which granted site plan approval for a nine-lot Planned Unit Development (PUD) major subdivision proposed by Appellee-Applicants Gary and Gloria Geddes (Applicants).[1] Mr. Lindala has appeared and represents himself; Appellee-Applicants are represented by Joseph F. Cahill, Esq.; and Interested Persons Michael Curry and Deborah McFarlane are represented by Thomas G. Walsh, Esq. and Annie Dwight, Esq. The Town of Bakersfield has not entered an appearance in this appeal.

Applicants have now moved to dismiss the appeal on the ground that Mr. Lindala's notice of appeal was untimely filed, and therefore that this Court lacks jurisdiction of this appeal. In response, Mr. Lindala has moved to extend the time for filing an appeal under Vermont Rules of Appellate Procedure (V.R.A.P.) 4(d), and has also moved to reopen the time to file an appeal under V.R.A.P. 4(c).

Factual and Procedural History

On May 28, 2009, Applicants applied for site plan approval of a 9-unit PUD proposed to be developed on property located at 1697 Egypt Road in Bakersfield. Mr.

---

[1] Mr. Lindala had also participated in two prior cases involving this property, Docket Nos. 101-5-07 Vtec and 293-12-08 Vtec, which were remanded to allow consideration of the application under the 2009 Zoning Bylaw.

1

Lindala attended and participated in the Planning Commission hearing regarding this application, which was held on August 11, 2009. The Planning Commission granted site plan approval for the project in a written decision issued on October 12, 2009. In re: Geddes PUD/Major Subdivision, Application No. PC-04-09, Findings & Decision, slip op. at 1, 4–5 (Bakersfield Planning Comm'n Oct. 12, 2009) [hereinafter Planning Commission Decision].[2]

Because Mr. Lindala had participated in the hearing as an interested person, the Planning Commission was required to mail him a copy of the decision. See 24 V.S.A. § 4464(b)(3) ("Copies of the [municipal panel] decision shall also be mailed to every person or body appearing and having been heard at the hearing . . . .").[3] Mr. Lindala received a copy of the Planning Commission Decision by certified mail on November 3, 2009, twenty-two days after the decision was issued by the Planning Commission.

---

[2] The town has not entered an appearance in this proceeding and none of the parties has briefed the issue of the timeliness of the Planning Commission's written decision. The Planning Commission Decision was issued on the 62nd day after the hearing. Under 24 V.S.A. § 4464(b)(1), a municipal panel's failure to issue a decision within 45 days after the adjournment of the public hearing results in deemed approval of the application, effective on the 46th day. The former statute, in effect prior to July of 2004, did allow sixty days for the issuance of a planning commission decision, however, that sixty-day period ran from the date on which the application was submitted rather than from the date of the hearing. See 24 V.S.A. § 4407(5) (2004) (stating that a planning commission conducting site plan review was required to "act to approve or disprove any such site plan within 60 days after the date upon which it receives the proposed plan, and failure to so act within such period shall be deemed approval").

[3] Section 4464(b)(3) of Title 24 requires the decision to be sent by certified mail, within the 45-day deemed-approval period under § 4464(b)(1), to the applicant (in proceedings such as this one originating at the municipal panel) or to the person who brought an appeal of a zoning administrator's decision to the municipal panel (not applicable to the present proceeding). It also requires a copy of the decision to be mailed to those who appeared and were heard at the hearing, but does not state a specific time limit for the latter notice, and does not require that notice to be sent by certified mail.

The final page of the Planning Commission Decision stated that "this decision may be appealed to the Vermont Environmental Court by an interested person who participated in the proceeding(s) before the [Planning Commission]," and warned that "[s]uch appeal must be taken within 30 days of the date of this decision." Id. at 5. See also 24 V.S.A. § 4471 (governing appeals to the environmental court); 10 V.S.A. § 8504 (stating that an interested person who has participated in a municipal regulatory proceeding "may appeal to the environmental court an act or decision made under that chapter by a board of adjustment, a planning commission, or a development review board"); V.R.E.C.P. 5(b) (stating that appeals to the environmental court must be taken "within 30 days of the date of the act, decision, or jurisdictional opinion appealed from"). Accordingly, interested persons wishing to appeal the October 12, 2009 Planning Commission Decision had until November 12, 2009, to file a timely appeal with this Court.[4] No appeal was taken during the thirty-day appeal period.

On November 18, 2009, six days after the expiration of the appeal period, Mr. Lindala filed a Notice of Appeal with this Court. The notice stated: "Please accept this as my notice of Appeal from a decision of the Bakersfield Planning Commission for this noted matter: Geddes PUD / Major Subdivision Permit application C-04-09." Mr. Lindala did not accompany his Notice of Appeal with any separate motion for permission to file the appeal late, nor did the notice explicitly ask the Court to accept the appeal as timely or to reopen or extend the time for filing an appeal of the October 12 Planning Commission Decision.

---

[4] See V.R.E.C.P. 5(a)(2) ("Except as modified by this rule and by subdivisions (b)–(e) of Rule 2, the Vermont Rules of Civil and Appellate Procedure, so far as applicable, govern all proceedings under this rule."); V.R.E.C.P. 5(b)(1) ("An appeal under this rule shall be taken by filing . . . a notice of appeal . . . within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time as provided in Rule 4 of the [V.R.A.P.]." As the 30th day fell on a court holiday, November 11, 2009, V.R.C.P. 6(a) provides for the appeal period to run to the next day.

After Applicants had moved to dismiss the appeal as untimely, see Applicants' Motion to Dismiss (Mar. 16, 2010), Mr. Lindala then asked the Court to reopen or extend the time to file the appeal. In his response to Applicants' motion, filed on March 19, 2010, Mr. Lindala stated:

> [A]s the written notice of the decision was not received until November 3, 2009, and so 22 days after the noted date on that decision, I ask the Court to consider my request to have the necessary relief to have the time to file reopened and extended for "good cause" under V.R.A.P. 4(c) and (d) with my November 17, 2009 Notice treated as acceptable and timely for that request for extension and notice.

Lindala Response to Motion to Dismiss, at 1 (Mar. 19, 2010). As his "good cause" reason for not filing a timely appeal, Mr. Lindala stated that he "took the timely filing requirement to be from that Nov. 3, 2009 date" on which he actually received the Planning Commission decision by certified mail. Essentially, Mr. Lindala's March 19 response is a motion to extend the time for filing an appeal under V.R.A.P. 4(d), as well as a motion to reopen the time to file an appeal under V.R.A.P. 4(c).

Timeliness of Appeal

Generally, an appeal of a decision made by a municipal panel must be filed with the Environmental Court "within 30 days of the act or decision." 10 V.S.A. § 8504(b)(1); V.R.E.C.P. 5(b)(1). The "date for appeal does not run from the date on which the applicant [or appellant] receives notice of the [municipal panel] decision, but from the date the decision is issued." In re Charbonneau, No. 135-8-03 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Oct. 24, 2003) (Wright, J.) (footnote omitted). If a timely appeal is not taken, the Court is barred from asserting jurisdiction over any late appeal and all parties are thereafter bound by the municipal panel's decision. See Boutwell v. Town of Fair Haven, 148 Vt. 8, 10 (1987) ("The failure to effect a timely appeal extinguishes subject matter jurisdiction." (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 82 (1979))); 24

4

V.S.A. § 4472(d) (stating that interested persons who fail to appeal from decision or act of the municipal panel shall be bound by that decision or act and shall not thereafter contest such decision or act in any later proceeding).

Under certain circumstances, however, the rules applicable to Environmental Court proceedings give the Court authority to extend the time to file an appeal beyond the initial thirty-day appeal period, or to reopen the appeal period after the initial thirty-day period has closed. The Court's authority to take such action is found in V.R.A.P. 4(c) and (d), made applicable to Environmental Court proceedings by V.R.E.C.P. 5(a)(2).

In the present case, Mr. Lindala's Notice of Appeal to this Court was filed thirty-seven days after the decision was issued. It was therefore untimely, unless Mr. Lindala meets the requirements for reopening the appeal period under V.R.A.P. 4(c), or, in the alternative, for extending the time to file an appeal under V.R.A.P. 4(d).

<u>Mr. Lindala's V.R.A.P. 4(c) Motion to Reopen the Time to File the Appeal</u>

Appellate Rule 4(c), which permits the Court to reopen an appeal period after the initial thirty days have passed, states that the Court:

> if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 90 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

V.R.A.P. 4(c).

Under this rule, the Court is only permitted to reopen the period for filing an appeal if the moving party makes the request within the earlier of the following time periods: "within 90 days of entry of the judgment or order" or "within 7 days of receipt

5

of such notice" of the decision. Id. In this case, Mr. Lindala received a copy of the decision on November 3, 2009. In order for the Court to have authority to consider the motion, Mr. Lindala was thereafter required to move to reopen the appeal period by the earlier of the following dates: either within ninety days after the decision was issued, that is, by January 11, 2010, or within seven days after he received the decision, that is, by November 12, 2009.[5] Appellant did not file his V.R.A.P. 4(c) motion until March 10, 2010, which does not meet the earlier (or either one) of those dates. Because Appellant did not ask the Court to reopen the appeal period within the time prescribed in the rule, the Court does not have the authority to do so.

Mr. Lindala has expressed concern that dismissal of an appeal "based on a filing that is considered late as in these circumstances, offers a precedent to allow notices to be withheld, simply to reduce the time available for potential appeals to be considered and properly filed." Lindala Response to Motion to Dismiss, at 1. The Vermont Supreme Court has expressed this same "concern that organs of municipal government not take actions that tend to 'bury' decisions so that interested parties lose their appeal rights." George v. Timberlake Assocs., 169 Vt. 641, 642 (1999); see also Dunkling, 167 Vt. at 521–522 ("We have always been concerned that appeal rights could be lost if towns decided to "bury [the decision] in the minutes of a meeting, and neglect to comply with the notification requisites of the statute." (citation omitted)). However, the Supreme Court has also stated that this "concern . . . is alleviated if the statutory requirements are complied with or if the failure to give notice "is inadvertent and not the result of a policy or purpose to withhold notice of the decision." Leo's Motors, Inc. v. Town of Manchester, 158 Vt. 561, 565 (1992). In the present case, there is no indication that the Planning Commission intentionally withheld the October 12, 2009 decision from Mr. Lindala.

---

[5] V.R.C.P. 6(a) provides that when a period of fewer than eleven days is computed, the intermediate weekend and holiday days are not counted.

Further, if an interested party does receive late notice of the decision, as was the case with Mr. Lindala, V.R.A.P. 4(c) provides a mechanism for such a person to move to reopen the time to appeal for an additional fourteen days, as long as that request is made within the time limitations of the rule. Even if the Court were to consider Mr. Lindala's statement in his initial notice of appeal to "[p]lease accept this as my notice of Appeal" as being a request to reopen the appeal period under V.R.A.P. 4(c), that request itself was made on November 18, 2009, six days later than the November 12, 2009 date required by the rule, and therefore also was not eligible for consideration under V.R.A.P. 4(c). Because Mr. Lindala did not ask the Court to reopen the appeal period within the time prescribed in the rule, the Court does not have the authority to do so. Therefore, Mr. Lindala's motion to reopen the period for filing an appeal under V.R.A.P. 4(c) must be denied.

<u>Mr. Lindala's V.R.A.P. 4(d)Motion for Extension of Time to File Appeal</u>

Appellate Rule 4(d), which permits the Court to extend the time to file an appeal for an additional thirty days past the initial thirty-day period, states that the Court:

> may extend the time for filing the notice of appeal if a party so moves no later than 30 days after the [initial 30-day period for filing an appeal] expires and, regardless of whether the motion is filed before or during that 30-day period, the party shows excusable neglect or good cause. . . . No extension under this subdivision shall exceed 30 days past the [initial 30-day period for filing an appeal] or 10 days from the date of entry of the order granting the motion, whichever occurs later.

V.R.A.P. 4(d).

Unlike V.R.A.P. 4(c), which is only available to parties "entitled to notice of the entry of a judgment or order," V.R.A.P. 4(d) is available to any party seeking to file a late notice of appeal based on circumstances evincing "good cause" or the moving party's excusable neglect for failing to file a timely notice of appeal. However,

7

V.R.A.P. 4(d) only permits the Court to extend the appeal period if the moving party seeks an extension within the thirty days following the initial 30-day period for filing an appeal, that is, within sixty days following the issuance of the municipal panel decision.

In the present case, parties seeking to appeal the October 12, 2009 Planning Commission Decision had until November 12, 2009, to file a timely appeal. Under V.R.A.P. 4(d), those wishing to file a late appeal had until December 14, 2009, thirty days after the expiration of the initial appeal period, to file a motion for an extension of time to file that late appeal.[6] Mr. Lindala did not file his V.R.A.P. 4(d) motion until March 10, 2010, well after the time allotted in the rule. Because Mr. Lindala did not ask the Court to extend the appeal period within the time prescribed in the rule, the Court does not have the authority to consider the motion. Therefore, Mr. Lindala's motion to extend the time for filing an appeal under V.R.A.P. 4(d) also must be denied.

Applicants' Motion to Dismiss

As previously discussed, absent an extension of the time to appeal, the failure to file a timely appeal of a municipal panel decision with the Environmental Court extinguishes the Court's subject matter jurisdiction and binds all parties to the panel's decision. See Boutwell, 148 Vt. at 10 ("The failure to effect a timely appeal extinguishes subject matter jurisdiction." (citing Harvey, 137 Vt. at 82)); 24 V.S.A. § 4472(d) (stating that interested persons who fail to appeal from decision or act of the municipal panel shall be bound by that decision or act and shall not thereafter contest such decision or act in any later proceeding). In the present case, Mr. Lindala did not file his Notice of Appeal with the Environmental Court within the thirty-day appeal period, and does not qualify for reopening or extending that time period under V.R.A.P. 4(c) or (d).

---

[6] December 11, 2009, was a day on which the courts were closed due to a furlough day; V.R.C.P. 6(a) therefore extends the time to the next day on which the Court is open.

Accordingly, as the Notice of Appeal was not timely filed, Applicants' Motion to Dismiss the appeal must be granted.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Mr. Lindala's motions to extend the time for filing an appeal under V.R.A.P. 4(d) and to reopen the time to file an appeal under V.R.A.P. 4(c) are DENIED, as they were not made within the time prescribed by either rule.  Applicants' Motion to Dismiss is therefore GRANTED, as the Notice of Appeal was untimely filed, and therefore this Court lacks jurisdiction of this appeal.

Done at Berlin, Vermont, this 20th day of April, 2010.

_____
Merideth Wright
Environmental Judge