STATE OF VERMONT

SUPERIOR COURT                                     ENVIRONMENTAL DIVISION
Environmental Division Unit                          Docket No. 1-1-16 Vtec

---

Jericho Market Act 250

---

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (1-1-16 Vtec)

Title:          Motion to Dismiss (Motion 3)
Filer:          364 VT Route 15 LLC
Attorney:       Katelyn E. Ellermann
Filed Date:     February 18, 2016

Response filed February 26, 2016 by Peter K. Duval

**The motion is GRANTED.**

On December 1, 2015, the District #4 Environmental Commission (Commission) issued its Findings of Fact, Conclusions of Law, and Order (Decision) and corresponding Land Use Permit #4C0427-6 (LUP) to David Villeneuve, Villejo Ventures, LLC and 364 Vt. Route 15, LLC (collectively Applicants) for the redevelopment of an existing building by removing 4,630 square feet, adding an addition of 5,200 square feet, and renovating the remaining 12,800 square feet of building along with associated utilities, landscaping, and parking on Lot #3 of the Sawmill Planned Unit Development (PUD) located in Jericho, Vermont (the Project). The tract of land at issue in this matter is 19.46 acres.

Peter K. Duval appeals the Decision and LUP raising 20 questions within his Statement of Questions.

Before the Court is Applicants' motion to dismiss the appeal pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. Applicants offer that the appeal was filed more than 30 days after issuance and service of the Commission's Decision and LUP.

The failure to timely file an appeal "extinguishes subject matter jurisdiction." Boutwell v. Town of Fair Haven, 148 Vt. 8, 10 (1987). An appeal of a Commission's decision is commenced by filing a notice of appeal with the Environmental Division within 30 days of issuance and service of the decision. 10 V.S.A. § 8504(a); V.R.E.C.P. 5(b)(1). Furthermore, a notice of appeal is considered filed on the date it is received and not the date it is mailed. See Appeal of Wood, Nos. 185-10-04 Vtec and 174-8-05 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 13, 2006) (Durkin, J.); Reporter's Notes, V.R.E.C.P. 5(b)(1) ("[T]he date of receipt by the court... determines whether the 30-day filing deadline has been met.").

The Commission's Decision and LUP were issued and electronically served on Mr. Duval on December 1, 2015. Any appeal of the Decision and LUP was required to be filed with the Environmental Division within 30 days of December 1, thus by December 31, 2015. V.R.E.C.P. 5(b)(1).

On December 30, 2015, Mr. Duval telephoned the Environmental Division's clerk's office and discussed the filing of his appeal. Mr. Duval was told that the Environmental Division could not accept e-filed appeals until January 4, 2016, and that if his deadline to file his appeal was prior to January 4, then he needed to be sure that any appeal was received at the Environmental Division by the deadline. Ignoring this information, Mr. Duval e-filed his notice of appeal on December 30, 2015. At the same time, Mr. Duval sent a copy of his appeal to the Environmental Division by US Mail.

On December 30, 2015, the judiciary's e-filing system sent Mr. Duval and automatic e-mail confirming receipt of his notice of appeal. This e-mail message expressly stated that an additional notice would be sent to Mr. Duval when processing of his filing was complete. On December 31, 2016, the Docket Clerk of the Environmental Division e-mailed Mr. Duval at 10:22 and 10:24 A.M., explaining in both emails that the e-filed notice of appeal could not be accepted until Monday, January 4, 2016, and that if his appeal needed to be filed prior to January 4, then he MUST ensure that the notice is RECEIVED by the Environmental Division by other means (mail, hand delivered, or currier).

On December 31, 2015, at 10:38 A.M., the judiciary's e-filing system sent Mr. Duval an automatic e-mail rejecting his electronic filing of his appeal. The Vermont Rules for Electronic Filing, which for the first time provide for an electronic filing system in the Environmental Division, apply to cases commenced in the Environmental Division on and after January 4, 2006. V.R.E.F. 1.[1]

Mr. Duval's paper copy of his appeal was received by the Environmental Division on January 4, 2016. On January 20, 2016, Mr. Duval filed a Motion for Extension of Time seeking additional time to file "party status requests and statement of questions." As a basis for this motion, Mr. Duval states that on December 30, 2015, he electronically filed his notice of appeal and sent a paper notice to the Environmental Division. He also acknowledges that the electronic filing was rejected and that the paper notice was processed on January 4, 2016.

While we are sensitive to the difficulty that a change in court process can cause for self-represented litigants, we conclude that the facts in this matter do not warrant extending the 30 day appeal period. Mr. Duval was verbally warned by the docket clerk of the Environmental Division during a telephone call, and then by more than one e-mail, that his electronically filed notice of appeal could not be accepted and was in fact rejected. These warning and notices took place in time for Mr. Duval to perfect the filing of his notice of appeal by other means, yet he chose not to do so.

---

[1]The Vermont Rules for Electronic Filing, Rule 4(d) clearly states that the electronic filing system will automatically acknowledge receipt of any filing, but that a filing may be rejected if it does not comply with the e-filing requirements. This rule further clarifies that a filer may resubmit a rejected filing, however, the date and time for filing are the date and time that the filing is resubmitted. V.R.E.F. 4(e) further states that Court staff will electronically notify the file either that the filing has been accepted or that it cannot be accepted until specified action required under the rules has been taken.

As Mr. Duval's notice of appeal was first received by the Court more than 30 days after the issuance and service of the Decision and LUP, this Court has no subject matter jurisdiction. This Court must therefore DISMISS this appeal with prejudice.

This concludes this matter.

So ordered.

Electronically signed on March 02, 2016 at 11:08 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Peter K. Duval
Claudine C. Safar (ERN 3985), Attorney for Interested Person Town of Jericho
Anthea Dexter-Cooper (ERN 7254), Attorney for party 3 Co-counsel
Peter J. Gill (ERN 4158), Attorney for Interested Person Natural Resources Board
Katelyn E. Ellermann (ERN 6654), Attorney for Appellee 364 VT Route 15 LLC