VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00127



| Georgia Development Regulations Appeal |
|---|

## ENTRY ORDER

Title:          Motion to Dismiss (Motion: #2)

Filer:          David W. Rugh, Esq.

Filed Date:     April 10, 2026

Cross-Motion Regarding Motion to Dismiss, filed on May 11, 2026, by Kenneth C. Minck.

Memorandum in Opposition to Cross-Motion and in Support of Motion to Dismiss, filed on May 20, 2026, by David W. Rugh, Esq.

Reply in Support of Cross-Motion and in Opposition to Motion, filed on May 26, 2026, by Kenneth C. Minck.

**The motion is GRANTED.**

In this matter, Kenneth Minck appeals the zoning bylaw adopted by the Town of Georgia (Town) Selectboard on October 13, 2025. Through his Statement of Questions, filed February 6, 2026, Mr. Minck challenges whether amended provisions of the zoning bylaws comply with the Vermont Shoreland Protection Act (SPA) (Questions 1 and 2) and whether a reduction in lot size in a zoning district is inconsistent with the applicable Town Plan (Question 3). The Town moves to dismiss this appeal as outside the scope of this Court's jurisdiction. Mr. Minck opposes the motion.[1]

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court applies the standards within V.R.C.P. 12(b)(1). The Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party, here Mr. Minck. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

This Court is one of limited jurisdiction. See 4 V.S.A. § 34. There are various challenges a party can make to a municipality's zoning regulations. Not all of those challenges are within the scope

---

[1] On May 11, 2026, Mr. Minck filed a "cross-motion" to the Town's motion to dismiss. Given that Mr. Minck opposes dismissal of this appeal and his motion functionally requests that the Court decline to dismiss the docket, the Court interprets his "cross-motion" as an opposition to the Town's motion to dismiss.

of this Court's jurisdiction. First, a party can make a facial constitutional challenge to a zoning regulation without appealing a specific zoning decision. The Civil Division, not this Court, has jurisdiction over such cases. See 24 V.S.A. § 4472(b). Conversely, a party can make a constitutional challenge to a zoning regulation in this Court as-applied within the context of a case that already falls within the scope of this Court's jurisdiction, like an appeal of a decision on a permit application. See e.g., In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶ 17, 185 Vt. 201; see also 24 V.S.A. § 4472(b). There is no allegation that Mr. Minck makes any constitutional challenges to the Regulations. Thus, the Court briefly touches on these types of challenges for the sake of completeness.

Having outlined constitutional challenges, the Court now turns to statutory challenges to zoning regulations. The Vermont Supreme Court in Gould v. Town of Monkton, 2016 VT 84, held that a "statutory challenge is governed by 24 V.S.A. § 4472(a), and our case law concerning the effect of that statute is clear: suits that challenge the procedural enactment of municipal planning laws must be brought before the Environmental Division." Id. at ¶ 16 (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 83 (1979) *overruled on other grounds* 161 Vt. 562 (1993) and 24 V.S.A. § 4472(a)).

It is not clear to the Court that this matter concerns "the procedural enactment" of the Regulations. With respect to the matter as raised in Mr. Minck's Statement of Question and Notice of Appeal, for the reasons set forth below, it appears highly likely that no aspect of this appeal concerns the procedural enactment of the challenged bylaws. Even assuming that were the case, this Court's precedent makes clear that a challenge contemplated by Gould must first involve an appeal to the appropriate municipal panel, then an appeal to this Court. See Bennington Plan Entergy Element, No. 20-2-18 Vtec, slip op. at 5–6 (Vt. Super. Ct. Envtl. Div. July 11, 2018) (Walsh, J.) (citing 24 V.S.A §§ 4465(a), 4471(a), 4472(a)).

Mr. Minck's notice of appeal states he is appealing the adoption of the Regulations by the Selectboard. The Selectboard is not an appropriate municipal panel under 24 V.S.A. § 4465, and can only be so considered when it acts as "a legislative body performing development review." Id. at 6. Adopting the amended Regulations is a legislative act, not one of development review. Thus, no cognizable appeal to or from an appropriate municipal panel to this Court exists under these circumstances.

On March 10, 2026, Mr. Minck moved to amend his Statement of Questions. The document states that his appeal is against the Town's Planning Commission who "approved" the zoning amendment in September 2025. First, this is inconsistent with his Notice of Appeal, which states that he is appealing the amendment "passed by the Georgia [S]elect [B]oard" on October 13, 2025, Notice

of Appeal (filed Dec. 5, 2025), not the Planning Commission's approval a month earlier. The motion does not seek to amend the notice of appeal. Second, the Planning Commission does not adopt the bylaw or amendment. Under Vermont law, the Planning Commission may direct the preparation of a bylaw or amendment thereof. See 24 V.S.A §4441(a). It submits the proposed bylaw or amendment and a written report to the legislative body of the relevant municipality, here the Selectboard. See 24 V.S.A. § 4441(g). After certain process, the Selectboard, not the Planning Commission, adopts a bylaw or amendment. See 24 V.S.A. § 4442. While the Planning Commission's report may be a part of the process for the adoption of the amended regulations, the report is not the document or act that adopts the amended zoning regulations. Thus, Mr. Minck cannot challenge the Regulations that were ultimately adopted by attempting to challenge the Planning Commission's approval of the report addressing the adoption of the amended Regulations. This is because the Planning Commission is not the relevant actor for formally adopting the zoning regulations Mr. Minck seeks to challenge. Therefore, in this Court's view, the report does not qualify as an appealable decision in the context of the ultimate adoption of the amended Regulations.[2]

Next, Mr. Minck argues that the Planning Commission's vote to approve the report on the amended regulations was improper due to a conflict of interest such that the Regulations adopted by the Selectboard are invalid. First, as set forth above, the report is one component that leads to the adoption of the amended Regulations. Thus, a vote on this report, which does not adopt any given set of regulations, does not appear to present grounds to appeal or otherwise challenge the amended Regulations before this Court. Those regulations were ultimately adopted by the Selectboard separately.

Second, concerns related to the Planning Commission vote are not properly raised before the Court through Appellant's Statement of Questions. Again, as set forth above, this Court is one of limited jurisdiction. 4 V.S.A. § 34. The scope of our review of any given matter is further limited to the legal issues preserved for our review by an appellant's Statement of Questions. See. V.R.E.C.P. 5(f); 10 V.S.A. § 8504(h). The Court is therefore confined to those issues raised in Appellant's Statement of Questions and cannot consider issues beyond the Questions. See Vill. Of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). This review, however, does include matters intrinsic to the

---

[2] For this reason, amendment, whether of the Statement of Questions or Notice of Appeal, would be futile and the motion is **DENIED**. What's more, Mr. Minck's opposition to the pending motion states that he appealed the Planning Commission's decision on September 10, 2025. This gives the Court pause because the Planning Commission vote that he takes issue with did not occur until September 13, 2025.

Statement of Questions. In re LaBerge NOV, 2016 VT 99, ¶ 15 (citing In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190); see also In re Atwood Planned Unit Dev., 2017 VT 16, ¶17.

Both iterations of Mr. Minck's Statement of Questions indicate that he is seeking "a repeal of the zoning bylaw adopted October 23, 2025 because of non-compliance with state statutes." Statement of Questions (filed Jan. 12, 2026); Revised Statement of Questions (filed Feb. 6, 2026). Both go on to list the provisions of the statewide Shoreline Protection Act that Mr. Minck asserts conflict with the amendment, as well as alleged inconsistencies between the Regulations and the applicable Town Plan. Id. Assertions that the Planning Commission's vote was improper in any capacity are not explicitly raised in the Questions, nor are they intrinsic to any Question. Thus, the assertion is beyond the scope of the Court's review in this appeal.[3]

Finally, on May 26, 2026, Mr. Minck filed a portion of a petition of registered voters pursuant to 24 V.S.A. § 4442(d) regarding the Selectboard's adoption of the amendment.[4] The Court held a motion hearing on June 8, 2026 to discuss aspects of the petition that were unclear from the filing. This petition does not alter the Court's decision. It remains the case that this Court lacks jurisdiction over an appeal of the Selectboard's act. Section 4442(d) sets forth a process by which a group of voters in a municipality may hold a vote at a public meeting on the effectiveness of the amendment. That process remains legislative and outside the scope of this Court's jurisdiction. To the extent that Mr. Minck asserts that a § 4442(d) petition constitutes an "appeal to an appropriate municipal panel" as discussed in Bennington Plan Entergy Element, the Court disagrees. No. 20-2-18 Vtec, slip op. at 5 (July 11, 2018) (Walsh, J.). The petition is neither an appeal to this Court, generally, nor to the Town's appropriate municipal panel or Planning Commission. The petition is a separate legislative process outside this Court's appellate process and does not go to an appropriate municipal panel but instead, if properly filed, provides an avenue for an electoral process.

Thus, for these reasons, the Court lacks jurisdiction over Mr. Minck's action. The Town's motion to dismiss is **GRANTED** and this matter is **DISMISSED**.[5]

---

[3] Because the issue has not been raised in this appeal, the Court does not rule upon whether the vote was improper due to an alleged conflict or whether the alleged conflict created any procedural deficiency in the adoption of the amendment. The Court notes that it is unclear whether any issues with the vote on the Planning Commission's report would fall within the ambit of a statutory challenge to "the procedural enactment" of the amended regulations such that it would be within the scope of this Court's jurisdiction.

[4] It is undisputed that the petition was not signed by the requisite amount of voters.

[5] The Town asserts that Mr. Minck lacks standing to appeal the Regulations to this Court. Because the Court concludes it lacks jurisdiction over the substance of the claim, the Court need not reach the issue of Mr. Minck's standing. Mr. Minck asserts that he has standing to appear before this Court because he owns property within the zoning district

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed June 11, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

that is the subject of Question 3. The Court notes that he has presented no allegation that he owns property within the district or area impacted by the changes in the shoreland area challenged by Questions 1 and 2.