Environmental Court of Vermont
State of Vermont

```
=============================================================================
             E N T R Y   R E G A R D I N G   M O T I O N
=============================================================================
```

Choquette Zoning Permit Amendment          Docket No. 199-9-08 Vtec
Project:      Choquette Cross Rd. Amendment
Applicant:    Ernest & Louise Choquette
              (Appeal from Municipal ZBA Decision)

Title: Motion to Dismiss, (No. 2)

Filed:        September 23, 2008

Filed By: Coe, Sara Davies, Attorney for Appellee Town of Newport

Response filed on 10/28/08 by Appellants Ernest & Louise Choquette

___ Granted          _X_ Denied          ___ Other


        This matter arises from a decision by the Town of Newport Zoning Board of Adjustment ("ZBA"), denying Appellants Ernest and Louise Choquettes' application for an amended zoning permit.  The Town of Newport ("Town") has moved to dismiss the Choquettes' appeal, and the Choquettes have responded with their objection.  The Town raises two arguments in its motion for why the Choquettes' appeal should be dismissed: (1) failure to timely serve the Town with notice of their appeal, and (2) consideration of the pending application is barred by the doctrine of res judicata.  We address each of the Town's arguments below.

        The Town's claim that the Choquettes failed to timely serve the Town is based upon what appears to be a selective reading of this Court's procedural rules, and it ignores the Town's own duties under those rules.  The ZBA's decision denying the Choquettes' amendment application was made on August 11, 2008.  On August 25, the Choquettes (who were pro se at the time) filed a Notice of Appeal with the Town, rather than sending it to this Court.  On September 10, the Town notified the Choquettes that they needed to file their appeal with the Environmental Court.  The Choquettes did so that day, but they failed to serve the new Notice of Appeal on the Town.  The Choquettes then retained counsel, and their lawyer served the Town on September 24.

        The Town now argues that the September 24 service was untimely, since it was done two weeks after the Choquettes filed their September 10 Notice of Appeal with this Court.  See V.R.E.C.P. 5(b)(4)(A) (requiring that service happen "at the same time" as the filing of the Notice of Appeal).  We find that service was timely.  Although the Choquettes on August 25 mistakenly sent their Notice of Appeal to the Town (rather than to this Court), our procedural rules provide that "[i]f a notice of appeal is mistakenly filed with the tribunal appealed from, . . . the appropriate officer of the tribunal, board, or panel shall note thereon the date on which it was received and <u>shall promptly transmit it to the clerk of the Environmental Court</u>." V.R.E.C.P. 5(b)(1) (emphasis added).

        The Town does not dispute the fact that it failed to follow this procedure.  Rather than immediately forwarding the Choquettes' Notice of

Appeal to this Court, the Town sent the Choquettes a letter, fifteen days later, telling them that their appeal had to be filed with this Court. The Town's letter to the Choquettes appears to have been sent on the day that the Choquettes' right to appeal would otherwise have expired.

Our Rule 5(b)(1) states that when notices of appeal are mistakenly filed with a town, the town is obligated to note when the notice was received and forward it to this Court, and the notice of appeal "shall be deemed filed with the Environmental Court on the date so noted" by the Town. Id. Thus, under our Rule, the Choquettes' Notice of Appeal must be considered to have been filed on August 26 (the day the Town received the Choquettes' August 25 letter). See id. The Choquettes' August 25 letter also served to notice the Town of their appeal. We therefore conclude that the Choquettes timely served the Town with notice of their appeal, thereby fulfilling the requirements of V.R.E.C.P. 5(b)(4)(A).

We also note that even if the Choquettes had failed to timely serve the Town, our Rules provide no basis for the harsh penalty of dismissal for such failure. Our Rules note that "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate." V.R.E.C.P. 5(b)(1); accord V.R.E.C.P. 5(b)(1) reporter's notes ("Only the filing deadline is jurisdictional."). Although this Court's response to untimely service "may include dismissal of the appeal" under V.R.E.C.P. 5(b)(1), dismissal would be inappropriate here, particularly since the Town had actual notice that the Choquettes had appealed the ZBA decision.

The Town's second basis for seeking dismissal rests on the doctrine of res judicata, also known as claim preclusion. The Town claims that the Choquettes' current application asks the Town to reevaluate a land use plan that the Choquettes already presented in 1999. The Town asserts that the Choquettes' current proposal is nothing more than a repetition of the prior project that they agreed to pursue only after they acquired an adjoining 0.63± acre parcel, so as to make their already undersized lot larger. The Town therefore asserts that the Choquettes' current proposal is an impermissible successive application and should be dismissed.

We first note that the Vermont Supreme Court has stated that motions to dismiss are generally disfavored and that in reviewing such motions, we must take all of the nonmoving party's factual allegations as true and determine whether '"it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." Amiot v. Ames, 166 Vt. 288, 291 (1997) (quoting Levinsky v. Diamond, 140 Vt. 595, 600–01 (1982)); accord Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309. The Supreme Court has also recently reiterated that the doctrine of claim preclusion should not be strictly applied to zoning decisions. In re Dunkin Donuts S.P. Approval, 2008 VT 139, ¶ 10. Rather, towns and courts are directed to apply the successive-application doctrine, which "is an attempt to balance the competing concerns of flexibility and finality in zoning decisions." Id. at ¶ 9.

Under the successive-application doctrine, the ZBA must entertain the Choquettes' request for a permit amendment if "'a substantial change of conditions ha[s] occurred or other considerations materially affecting the merits of the request have intervened between the first and second applications.'" Id. (alteration in original) (citing In re Carrier, 155 Vt. 152, 157–58 (1990)). The Choquettes have the burden to proving that such a change in circumstances has occurred. In re Carrier, 155 Vt. at 158. This burden of proof can be substantial, since the Choquettes must not only show

that such a change has occurred, but also that the change warrants relieving them from the requirement to increase the size of their lot, in consideration for receiving the authority to increase their property from a two-unit residential structure to a five-unit one.  The Choquettes have already completed this expansion, but have not acquired the adjoining land.

The Choquettes have alleged that a change in circumstances has occurred here, either because of a change in the intervening law or because of a change in the character of the neighborhood.  At this relatively early stage of this litigation, we must treat the Choquettes' factual allegations as true.  See, e.g., <u>Alger</u>, 2006 VT 115, ¶ 12.  In doing so, we do not hold that facts or circumstances exist that would entitle the Choquettes to relief, but rather that the law entitles the Choquettes to have an opportunity to fulfill their burden of proof.  We therefore conclude that dismissal is inappropriate at this time.  See <u>id</u>.

For all of the reasons more fully explained above, we decline to dismiss the Choquettes' appeal; the Town's motion to dismiss is therefore DENIED.  We look forward to discussing the proper scheduling for this matter with the parties at the telephone conference, now scheduled for 10:00 a.m. on January 15, 2009.

_____     _____
                    **Judge**                              **Date**
==================================================================
Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:

    Attorney Stephen A. Reynes for Appellant Ernest & Louise Choquette
    Attorney Sara Davies Coe for Appellee Town of Newport
    Co-Counsel for Appellant Jesse L. Moorman