STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re Ferro & Pomeroy Demo/ Construction Permit | { { { { | Docket No. 197-10-09 Vtec |

### Decision on Motion to Enforce Settlement Agreement

James R. Bennett, Jr. ("Neighbor") appealed a decision of the City of Burlington Development Review Board ("the DRB") granting a permit to his neighbor, Bonita Ferro ("Applicant"), for the demolition of an existing single-family home and construction of a new single-family home on a lot along the Lake Champlain shoreline at 88 Sunset Cliff Road. After completing mediation, the parties to the appeal reached a settlement which was incorporated into a Court Order on March 22, 2010. The Order concluded the matter before the Court, but Neighbor has now filed a motion seeking to enforce the terms of the parties' settlement agreement.

In this proceeding Neighbor appears pro se; Applicant is represented by Thomas G. Walsh, Esq. The City of Burlington is represented by Kimberlee Sturtevant, Esq.

### Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. On September 14, 2009, the DRB granted Applicant a zoning permit, Permit No. 10-0053CA, for the demolition of an existing single-family home and the construction of a new single-family home on a lot along the Lake Champlain shoreline at 88 Sunset Cliff Road in the City of Burlington.

2. Neighbor appealed that decision to this Court and the parties subsequently engaged in Court-ordered mediation.

3. As a result of mediation, the parties reached a written settlement. The settlement agreement was signed on February 9, 2010 by Applicant and Neighbor, as well as a representative from the City of Burlington.

1

4.     On March 22, 2010, the settlement agreement was incorporated into a Court Order in response to a stipulated motion by all parties involved in this appeal.  That Order concluded the proceedings in Docket No. 197-10-09 Vtec.

5.     While completing construction on her home, Applicant applied to the City of Burlington Zoning Administrator ("the ZA") for a zoning permit to place three air conditioning units on the east side of her home and to allow for the exterior material and windows that were actually used in construction.

6.     On March 31, 2011, the ZA granted the requested zoning permit, Permit No. 11-0705CA.  Neighbor then appealed that decision to the DRB.  On June 2, 2011, the DRB affirmed the ZA's determination, with two conditions.

7.     Neighbor then appealed the DRB decision to this Court in Docket No. 82-6-11 Vtec but later sought voluntary dismissal of that appeal.  On March 4, 2011, this Court granted Neighbor's motion to dismiss with prejudice his appeal in Docket No. 82-6-11 Vtec. [1]

8.     On August 2, 2011, Neighbor filed a motion to enforce the settlement agreement reached in Docket No. 197-10-09 Vtec.  That motion is now pending.

## Discussion

Neighbor has filed a motion seeking to enforce a settlement agreement reached by the parties in an appeal concerning the initial grant of a zoning permit to Applicant for the demolition of an existing single-family home and construction of a new single-family home along the Lake Champlain shoreline at 88 Sunset Cliff Road in Burlington, Vermont.  The settlement agreement concluding the appeal was incorporated into a Court Order on March 22, 2010.  Following construction of portions of the new home, Neighbor alleged that some of Applicant's construction activities were out of compliance with the parties' prior agreement.

We begin our analysis with a recognition that trial courts have the authority to enforce the terms of a settlement agreement that has been incorporated into a Court Order.  See e.g., Petition of Telesystems Corp., 148 Vt. 411, 413 (1987).  No party in this appeal disputes that they entered into a binding settlement agreement that was thereafter incorporated into a Court Order in the underlying action, Docket No. 197-10-09 Vtec.  What is disputed are the following

[1] Applicant has referenced the June 2, 2011 DRB decision in her memorandum in opposition to the pending motion to dismiss.  Although the decision is part of the record in Docket No. 82-6-11 Vtec, through Applicant's reference to that record we also treat it as part of the record in this appeal, Docket No. 197-10-09 Vtec.

issues: 1) whether the Court can enforce specific terms in the agreement that Applicant argues address issues not raised in the underlying action; 2) whether Applicant is bound by the location of air conditioning units depicted in Applicant's original site plan; 3) whether Applicant is committed to removing a set of concrete stairs that descend toward Lake Champlain; and 4) whether Applicant has violated the requirements in the agreement addressing the location and length of a wooden fence.

Addressing the first legal dispute between the parties, we clarify that the terms of the resulting Court Order may be found to be enforceable by a court even if they do not address issues falling squarely within the scope of the underlying appeal. A settlement agreement is fundamentally a contract between parties that can be enforced by this Court as such. See Manosh v. Manosh, 160 Vt. 634, 634–35 (1993) (mem.) (indicating that a settlement agreement reached in a divorce proceeding was an "independent contract" and that the family court in which the proceedings occurred had jurisdiction to hear a contract claim that the settlement agreement was void for unconscionability).

When entering into a settlement agreement, parties are free to envision their own solution to the conflict that has brought them to litigation; they are not constrained by the rulings a court could issue if the case were to reach trial or by the scope of the underlying action. However, the parties are constrained by the limitations of contract law, and in the instances of appeals from the decisions of municipal panels, like the DRB here, by the following: the statutory provisions in 24 V.S.A., Chapter 115 ("Municipal and County Government"), the applicable municipal ordinances (here, the City of Burlington, VT Comprehensive Development Ordinance), and the common law our courts have adopted for addressing municipal zoning decisions.

Thus, we address the first dispute between the parties by concluding that the Court does have the authority to enforce the terms of the settlement agreement implicated by the pending motion even if those terms go beyond the scope of the underlying appeal in Docket No. 197-10-09 Vtec. We do not decide, with this opinion, whether this Court has the authority to entertain such requests if they are sought via an action independent from the underlying appeal; here, the request to enforce the settlement agreement has been sought within the original action.

We turn now to the terms of the agreement.

3

## I.     Placement of air conditioning units

The parties dispute the proper placement of the air conditioning units under the settlement agreement. Arguing that Applicant must install her air conditioning units on the west side of her house, Neighbor relies upon a term in the agreement which requires Applicant to "otherwise build her house in accordance with the remaining plans and conditions that were previously approved by the Burlington [DRB] on September 14, 2009." Neighbor argues that the air conditioning units are depicted on the west side of the house in various versions of Applicant's original site plan, both a version dated August 11, 2009 and a version dated January 7, 2010. Rather than dispute the interpretation of this term in the agreement, Applicant instead disputes its import. Applicant argues that she applied for and received from the ZA, on March 31, 2011, a second zoning permit approving "adjustments" to the plans previously approved by the DRB,[2] in particular allowing her to locate the air conditioning units on the east side of her home.[3] She argues that the existence of the settlement agreement did not prevent her from seeking such approval.[4]

The question presented to the Court is whether, after entering into a settlement agreement resolving the appeal of a zoning permit, where that agreement was then incorporated into a court order, a party is precluded from applying for another zoning permit that includes a provision potentially in conflict with a term in the settlement agreement. This question was effectively addressed by the Vermont Supreme Court in In re Dunkin Donuts S.P. Approval, a decision reversing a ruling of this Court. 2008 VT 139, 185 Vt. 583.

---

[2] It is unclear what version of the site plan the DRB approved on September 14, 2009. The DRB's decision upholding the ZA's March 31, 2011 decision states that the ZA concluded that the air conditioning units were not depicted in the original site plans approved on September 14, 2009. However, both versions of the plan that Neighbor has submitted to the Court, a version dated August 11, 2009 and a version dated January 7, 2010, do show the air conditioning units on the west side of the home. Additionally, Applicant has not made any statement indicating that these are not the appropriate plans for the Court to reference. Because the conclusion we reach on the legal question presented here does not depend on what plans were approved on September 14, 2009, we need not reach a determination on this fact.

[3] The second permit application also involved approval of as-built exterior material and windows, but Neighbor does not challenge those elements of the construction in his motion.

[4] Applicant does not refute Neighbor's argument that the terms of the second permit conflict with the term, quoted above, from the settlement agreement. We assume, for the purposes of ruling on Neighbor's motion, that there is some conflict, although we do not reach a conclusion on that legal question in this Decision.

4

In Dunkin Donuts this Court had reasoned that because court orders are binding on parties, a party who enters into a stipulated court order incorporating a settlement agreement cannot, without first seeking relief from the court order via a Rule 60(b) motion, seek a municipal zoning permit where a term in that permit would directly conflict with a condition in the prior settlement agreement. In re Dunkin Donuts Site Plan Amendment Application, No. 143-7-07 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Oct. 31, 2007), rev'd, 2008 VT 139; see V.R.C.P. 60(b) (allowing a party to file a motion seeking relief from a final judgment or order). The Vermont Supreme Court reversed, finding a Rule 60(b) motion unnecessary in this context because claim preclusion, a principal barring the relitigation of claims already determined between parties, operates with more flexibility when applied to municipal zoning decisions than to civil decisions. 2008 VT 139, ¶¶ 7, 10–13; see generally Faulkner v. Caledonia County Fair Assoc., 2004 VT 123, ¶¶ 8–10, 178 Vt. 51 (providing a detailed discussion of the doctrine of claim preclusion). That is, for municipal zoning decisions, the Vermont Supreme Court found that the "successive-application doctrine" applies in lieu of strict claim preclusion and that its applicability must be determined by the decision maker at the time a new municipal zoning permit application is submitted. See Dunkin Donuts, 2004 VT 123, ¶¶ 10–11.

Here, we conclude that Neighbor's legal argument—that the settlement agreement reached by the parties operates to prevent Applicant from ever seeking approval from the ZA for an adjustment to the plans referenced in that agreement—is similar to the argument ultimately rejected in Dunkin Donuts. That is, we view Neighbor's request here, that the Court enforce a term in the agreement concerning the proper placement of air conditioning units, to be similarly premised upon the erroneous assumption that the Court can apply strict claim preclusion when addressing successive municipal zoning applications. The Vermont Supreme Court, in Dunkin Donuts, both rejected the applicability of pure claim preclusion in this context and determined that this Court can only examine the preclusive effect of an original zoning decision in the proceeding concerning the subsequent zoning application. Thus, we cannot take up Neighbor's request in this appeal.

We conclude that the proper setting for Neighbor to raise his concerns about the preclusive effect of the terms of the settlement agreement on Applicant's second zoning permit was within an appeal of the grant of that second permit. We note that Neighbor was free to appeal the March 31, 2011 grant by the ZA of Applicant's second permit, Permit No. 11-0705CA,

5

and that he did so. After the DRB upheld the issuance of the permit on June 2, 2011, Neighbor was again free to, and did, appeal that decision to this Court. See Docket No. 82-6-11 Vtec.[5]

However, Neighbor has since filed for voluntarily dismissal, with prejudice, of his appeal of the second zoning permit, Permit No. 11-0705CA, and this Court granted his motion on March 4, 2011. Because the Court dismissed Neighbor's appeal, at his request, and because no other party appealed the June 2, 2011 decision of the DRB within the 30-day appeal period, the issuance of Permit No. 11-0705CA is now considered final. See V.R.E.C.P. 5(b) (establishing a 30-day appeal period); 24 V.S.A. § 4472 (indicating that "the exclusive remedy of an interested person with respect to any decision or act taken . . . under this chapter [Chapter 116, Municipal and County Government] . . . shall be the appeal to the appropriate panel . . . and the appeal to the environmental division").

Thus, under the direction provided by the Vermont Supreme Court in Dunkin Donuts, we conclude that Permit No. 11-0705CA effectively allows Applicant to locate the air conditioning units on the east side of her home and that it supersedes any applicable provisions in Permit No. 10-0053CA and the parties' settlement agreement. Because we find no law, and Neighbor has provided us with none, to support the proposition that Applicant was prohibited from ever applying for this second zoning permit, we must **DENY** Neighbor's motion as it concerns the placement of the air conditioning units.

## II. Removal of concrete stairs

Turning to the next dispute, Neighbor argues that the settlement agreement requires Applicant to remove a set of concrete stairs that descend toward Lake Champlain. Applicant disputes that the agreement includes such a requirement, and she argues that she holds an easement over Neighbor's property for the stairs and that this easement will remain in effect regardless of whether the stairs are removed. However, Applicant also states that she will

---

[5] It is within the proceeding for Docket No. 82-6-11 Vtec that we could address arguments concerning the potential applicability of the successive-application doctrine and of other doctrines that our courts have determined control the preclusive effect of previous municipal zoning decisions on pending permit applications. See, e.g., In re Hildebrand, 2007 VT 5, 181 Vt. 568 (applying what is sometimes referred to as the "changed circumstances doctrine" in the context of a municipal zoning permit application that would have effectively amended the condition of a previously approved permit). However, by requesting that his own appeal in Docket No. 82-6-11 Vtec be dismissed, and by the Court granting that request, Neighbor has foreclosed our ability to address the potential applicability of these doctrines in the proper proceeding.

remove the concrete stairs within the timeline the City of Burlington has approved for the completion of her site work.

Thus, we conclude that, because Applicant has agreed to remove the concrete stairs at issue between the parties, we need not reach the question of whether the settlement agreement does in fact require her to do so. We hereby incorporate into our Decision Applicant's representation that she will remove the set of concrete stairs that descend toward Lake Chaplain. Consequently, Neighbor's request is **DENIED** as **MOOT** as it concerns the removal of the set of concrete stairs. We also clarify that we are not reaching any legal conclusions as to the existence or non-existence of an easement over Neighbor's property as that issue is not before us and questions of property ownership are not within our jurisdiction.

III.    **Location and length of wooden fence**

The final dispute between the parties concerns the location and length of a wooden fence. According to Neighbor, Applicant has extended the wooden fence to the southwest by three feet in violation of the following term in the agreement: "Bonnie Ferro will construct the wood fence depicted on the revised Site Plan on the west side of the existing chain link fence between two survey pins shown on the plan. . . . The wood fence may be extended to the east along the property line without further approval of Jim Bennett." Neighbor raises this issue in his reply to Applicant's memorandum in opposition to his original motion rather than the memorandum he submitted in support of his original motion. Applicant has not directly responded to this argument as a result.

Even without the benefit of Applicant's response, we must deny Neighbor's motion as it concerns the location and length of the wooden fence because Neighbor has not submitted information sufficient for us to rule in his favor on this issue. Specifically, he has not provided the Court with enough information to determine where a wooden fence has been constructed on Applicant's property. Nor has he submitted information indicating the location of a wooden fence or survey pins on the site plan referenced by the settlement agreement.[6] Without such information, we cannot conclude that Applicant is violating this term of the settlement agreement. Consequently, we must **DENY** Neighbor's motion to enforce as it concerns the location and length of the wooden fence.

---

[6] Neighbor has not indicated the location of a wooden fence or survey pins on the two versions of the site plan he provided to the Court, a version dated August 11, 2009 and another dated January 7, 2010. See also supra note 2.

7

### Conclusion

For the reasons detailed above, we **DENY** Neighbor's post-judgment motion to enforce the settlement agreement reached between the parties in this appeal. The motion is **MOOT** as it concerns removal of the set of concrete stairs that descend toward Lake Champlain. In response to Applicant's representations to the Court, we direct that Applicant remove the set of stairs within the timeline that the City of Burlington has approved for the completion of Applicant's site work.

As a consequence of our determinations on Appellant's post-judgment motion, this appeal (Docket No. 197-10-09 Vtec) remains closed and unchanged. Furthermore, nothing in the determinations rendered today changes the prior dismissal, with prejudice, of Neighbor's appeal from the DRB's approval of the second zoning permit issued to Applicant concerning Applicant's property at 88 Sunset Cliff Road in the City of Burlington (Permit No. 11-0705CA, addressed in Docket No. 82-6-11 Vtec).

Done at Newfane, Vermont this 22nd day of November, 2011.


_____

Thomas S. Durkin, Environmental Judge