STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 177-12-14 Vtec |
|---|---|
| Wells Accessory Building Application | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

The matter presently before the Court relates to approximately 3 ± acres of land located at 30 Cutler Heights Road ("Property") in East Montpelier, Vermont ("Town"). The Property is bisected by Cutler Heights Road, creating a 1.27 acre portion to the west, which includes a single-family home and accessory dwellings, and a 1.67 acre portion to the east, which is undeveloped. In 2010, Duane Wells ("Applicant") sought approval to construct a single family home on the undeveloped portion to the east of Cutler Heights Road, which was denied by this Court in a decision concluding that the Property consisted of a single parcel of land rather than two separate parcels and that as such, Applicant was not entitled to construct a second residence on the Property. In re Wells Building Application, No. 44-3-11 Vtec (Vt. Super. Ct. Envtl. Div. Sept. 26, 2011) (Durkin, J.).

Applicant now seeks approval for an accessory dwelling on the eastern, undeveloped portion of the Property. On December 8, 2014 the Town of East Montpelier Development Review Board ("DRB") denied the application and Applicant timely appealed that denial to this Court, filing a Statement of Questions consisting of a single Question asking whether the application is barred or precluded by this Court's decision in Docket No. 44-3-11 Vtec. The parties have filed cross motions for summary judgment in their favor, and Deb Glottmann filed a joinder to the Town's motion. Marjorie and Richard Redmann, Matthew Digiovanni, and Laruren Oates are interested parties in the matter and appear before the Court pro se.

Applicant is represented by John C. Page, Esq., the Town is represented by Bruce Bjornlund, Esq., and Deb Glottmann is represented by Eric G. Parker, Esq.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1.      Duane Wells ("Applicant") owns 3 ± acres of land at 30 Cutler Heights Road ("Property") in East Montpelier, Vermont ("Town").

2.      The Property is bisected by Cutler Heights Road, with a 1.27 acre portion to the west, which includes a 1,920 square foot single-family home and accessory dwellings, and a 1.67 acre portion to the east, which is undeveloped.

3.      In 2010, Applicant filed a permit application to construct a 1,800 square foot single family dwelling and attached three-car garage on the 1.67 acre portion of the Property to the east of Cutler Heights Road.

4.      The Town of East Montpelier Zoning Administrator ("ZA") denied the application and the Town of East Montpelier Development Review Board ("DRB") upheld the denial on the grounds that the Property contains insufficient acreage to construct a second single family home.  Applicant argued, at that time, that the portion of the property on the eastern side of the Cutler Heights Road should be treated as a separate parcel of land.

5.      On appeal before this Court, in September 2011 we concluded that the Property consists of a single 3 ± acre parcel, rather than two separate parcels bisected by Cutler Heights Road, and the application to construct an additional single family dwelling was denied as a matter of law under the Regulations.

6.      On September 22, 2014 Applicant submitted an application to construct a 600 square foot accessory dwelling and a detached 3-car garage on the Property.

7.      The ZA denied the application, and the DRB upheld the denial, on the basis of this Court's 2011 decision.  Applicant timely appealed that denial to this Court.

**Discussion**

The parties both move for summary judgment on Applicant's Question 1, which raises the sole issue of whether the pending application is precluded by this Court's 2011 decision in In re Wells Building Application, Docket No. 44-3-11 Vtec (Vt. Envtl. Ct. Sept. 26, 2011) (Durkin, J.).  The Town denied Application's application for an accessory dwelling on the grounds that

the construction of any dwelling on the Property is precluded by this Court's 2011 decision. Applicant argues, however, that his application is sufficiently different so as not to be barred under the successive application doctrine.

Pursuant to Rule 56(a) of the Vermont Rules of Civil Procedure (V.R.C.P.), a party seeking summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering cross-motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. The court also accepts as true all factual allegations made in opposition to a motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(1)(A). Furthermore, we must give the benefit of all reasonable doubt to the non-moving party.

The successive application doctrine is an application of claim preclusion and applies to the overall claim that the project is entitled to a permit. In re Application of Lathrop Ltd Partnership, 2015 VT 49, ¶ 59, available at http://info.libraries.vermont.gov/supct/current/op2013-444.html. Stated more generally, the successive application doctrine prohibits an applicant from re-submitting an application for a municipal permit after the original application was denied "unless a substantial change of conditions ha[s] occurred." In re Armitage, 2006 VT 113, ¶ 4, 181 Vt. 241 (quoting In re Carrier, 155 Vt. 152, 158). It is governed by 24 V.S.A. § 4472(d), which insulates any decision or act of the DRB from collateral attack, but "carves an exception out of the otherwise rigid standard of preclusion of § 4472(d) to allow local boards the ability to respond to changing circumstances that often arise in zoning decisions." Lathrop Ltd Partnership, 2015 VT 49, ¶ 58 (citing In re Woodstock Cmty. Trust, 2012 VT 87, ¶ 4, 192 Vt. 474; In re Dunkin Donuts, 2008 VT 139, ¶ 9, 185 Vt. 583).

The successive application doctrine provides that a local board "may not entertain a second application concerning the same property after a previous application has been denied, unless a substantial change of conditions had occurred or other considerations materially affecting the merits of the request have intervened between the first and second application."

3

In re Carrier, 155 Vt. 152, 158 (1990); see also Woodstock Cmty. Trust & Hous. Vt. PRD, 2012 VT 87, ¶ 4. The second application can be reviewed "when the application has been substantially changed so as to respond to objections raised in the original application or when the applicant is willing to comply with conditions the commission or court is empowered to impose." In re Application of Lathrop Ltd Partnership I, ¶ 58 (citing In re Carrier, 155 Vt. at 158). The first step is to determine whether there is a judgment with preclusive effect, and if so, the second step is to review the proposal as a whole to determine whether there has been a substantial change. Id. at ¶ 66. "In the relaxed environment of zoning permits, it is not determinative that the applicant could have or should have made the new proposal at the time of the original permit review." Id.

Looking at the first step, there is a judgment with preclusive effect as specified in 24 V.S.A. § 4472(d): the Court's 2011 decision is final and binding. Looking at the second step, the proposed project differs from the original project in two ways: at 600 square feet, the proposed home is significantly smaller than the previously proposed 1,800 square foot structure, and the application is for an accessory dwelling on the entire 3 acre parcel rather than a single family home on the 1.67 acre parcel, which was what Applicant at that time considered to be a separate lot. These changes are of a sufficiently substantial nature and respond to objections raised in the original application. For this reason, we **GRANT** summary judgment in favor of Applicant, and **DENY** summary judgment in favor of the Town.

The Environmental Division's jurisdiction in an appeal of a decision by a municipal panel is dictated and restricted by an appellant's Statement of Questions. See V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156 (2002). That is, the Statement of Questions restricts the scope of an appeal before us. Because Applicant's Statement of Questions does not address the application itself, only the issue of whether the application is barred, we do not now address whether the application satisfies the Regulations. We therefore **REMAND** the application to the Town for full consideration under the applicable accessory use Regulations.

4

**Conclusion**

For the reasons stated above, we **DENY** the Town's motion for summary judgment, **GRANT** Applicant's motion for summary judgment, and **REMAND** the application for further review by the DRB.


Electronically signed on August 11, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division