STATE OF VERMONT

SUPERIOR COURT                               ENVIRONMENTAL DIVISION
                                             Docket No. 44-4-16 Vtec

|  |  |
| --- | --- |
| Werner Conditional Use | DECISION ON MOTION |

**Decision on Motion to Strike and Motion for Summary Judgment**

Appellant Kimberly Werner ("Ms. Werner" or "Appellant") seeks an amended conditional use permit from the Town of Fletcher, Vermont ("Town") for two decks and stairs built onto her camp on Metcalf Pond. The Town of Fletcher Development Review Board ("DRB") denied her application on March 31, 2016 and Ms. Werner timely appealed to this Court.

The matter is now before the Court on the Town's Motion for Summary Judgment. Also pending is the Town's motion to strike Ms. Werner's opposition to its summary judgment motion. Ms. Werner is represented by Richard Edward McCormick, Esq. The Town is represented by Chad V. Bonanni, Esq.

**Procedural Background**

Appellant's Statement of Questions originally included eight questions. Appellant moved to amend the Statement of Questions to add Questions 9 and 10, and the Town filed a motion to dismiss. In an August 31, 2016 decision, we denied the motion to amend the Statement of Questions, and granted the motion to dismiss on Questions 1–4, 7, and 8. Werner Conditional Use, No. 44-4-16 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Aug. 31, 2016) (Durkin, J.).[1]

The remaining Questions, which are now challenged in the Town's pending motion for summary judgment, are:

---

[1] Our decision was titled "Amended Decision on Motion." We issued an amended decision to replace an Entry Order that had been mistakenly issued on the same day.

We note that in her Memorandum in Opposition to the Town's pending summary judgment motion, Appellant asserts that Questions 1, 3, 8 and 9 should not be dismissed. Since we announced the dismissal of those Questions by our August 31, 2016 Decision, we conclude that it is not appropriate to challenge those determinations here, since Questions 5 and 6 are the only legal issues remaining for adjudication in this appeal.

Question 5.   Do the decks and stairs on the southern face of the cabin add to the degree of noncompliance of the cabin pursuant to Fletcher Zoning Bylaw 2.4 (A)?

Question 6.   Can the decks and stairs be accepted as a conditional use given the character of the surrounding properties and their minimal effect on the environment?[2]

**Motion to Strike**

The Town filed its motion for summary judgment on April 12, 2017.  On May 17, 2017, counsel for Ms. Werner filed an opposition to the motion and statement of disputed facts.[3]  On June 7, 2017, the Town filed its motion to strike, alleging that counsel for Ms. Werner failed to serve Appellant's opposition and statement of disputed facts on the Town, and failed to file a certificate of service with the Court.  Counsel for Ms. Werner filed no response to that motion.

The Vermont Rules of Civil and Appellate Procedure apply to appeals brought in the Environmental Division, except as modified by our own Court rules.  V.R.E.C.P. 5(a)(2).  The rules of civil procedure require an opposition to a motion, such as the one here, to be served on all parties, and to be filed with a certificate of service stating that the opposition was served on all parties.  V.R.C.P. 5(a) and (h).

Vermont's Civil Rule 5(a) is based largely on its federal analog.  Reporter's Notes, V.R.C.P. 5.  The rule is designed to serve two basic functions: to ensure "a full exchange of the written communications among the litigants," and "to establish a system for the filing of papers with the clerk that will create an orderly court record for each case."  4B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1141 (2017).  Vermont Rule 5(h) is designed to reinforce Rule 5(a), and to ensure an efficient process.  Reporter's Notes—2015 Amendment, V.R.C.P. 5.

Counsel's failure to comply with the service requirements set out in the rule confound these purposes.

Civil Rule 5(h)(3) gives us discretion to strike any filing not accompanied by a certificate of service.  In this case we decline to exercise that discretion, as we believe that any prejudice

---

[2] The Town's motion also seeks summary judgment on Questions 1, 3, 8, and 9.  Because those questions are no longer before the Court, we do not address them in this decision.

[3] The opposition is dated May 12, 2017.

due to a failure of service is slight. The Town did become aware of the opposition filing, though in a delayed fashion, and did not attempt to file any response to it. In addition, even if we were to strike the opposition, the Town would still be required to meet the standard for summary judgment. For these reasons, the motion to strike is **DENIED**.

## Motion for Summary Judgment

### I.     Standard of Review

Summary judgment may only be granted when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a) (applicable here through V.R.E.C.P. 5(a)(2)). The moving party shows that no material fact is in dispute principally by filing a statement of undisputed facts supported by materials in the record. V.R.C.P. 56(c)(1)(A).

In reviewing a motion for summary judgment, the Court: 1) accepts as true any factual allegations made in opposition to the motion by the non-moving party that are supported by affidavits or other evidentiary material; and 2) gives the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted).

If an assertion of fact is unchallenged, the Court may consider the fact undisputed. V.R.C.P. 56(e). Nevertheless, the moving party still "must demonstrate the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law." In re Pixley, No. 2004-477, slip op. at *2 (Vt. June 2005) (unpub. mem.) (citing Miller v. Merchants Bank, 138 Vt. 235, 237–38 (1980)).

### II.     Factual Background

Ms. Werner does not expressly dispute any facts asserted in the Town's motion relevant to Questions 5 and 6.[4] She does argue, however, that the Town's assertion that the decks are

---

[4] Ms. Werner's opposition to the motion alleges that she constructed the decks, and a shed, in reliance on statements made by the Zoning Administrator that no permit was required. As we explained in our August 31, 2016 decision, any such statements are not relevant to the issues now before the Court concerning Appellant's appeal of the DRB's denial of her application for conditional use approval. As we explained in our August 31, 2016 Decision, Appellant's claims that the Town should be equitably estopped from requiring that Appellant receive conditional use approval for her added shed and decks is, perhaps, more appropriately raised in any enforcement action that the

"attached" is not supported by the record. We disagree; photographs of the camp and deck submitted by the Town show that the deck is attached to the camp. Ms. Werner also challenges the Town's assertion that the decks are nonconforming or increase the nonconformity of the camp. As discussed below, this issue is not material to the resolution of this matter.

With this in mind, we recite the following facts solely to decide the pending motion for summary judgment.

1.  Kimberly Werner owns property known as Rich Island located on Metcalf Pond in Fletcher, Vermont. The property is in the Shoreland-Recreation District set out in the Fletcher Zoning Bylaw, approved as of October 25, 2002 ("the Bylaw").

2.  The property has a 16' x 20' cabin, or camp. Because the camp is located within the 40-foot shoreline setback, it is considered a non-complying structure under Bylaws § 3.8.

3.  On July 10, 2006, the Werners sought conditional use approval to build a 25' x 25' attached deck to the front, or south, side of the camp.[5] The DRB denied the application in a November 28, 2006 decision, concluding that the proposed deck—which would encroach into the setback—would impermissibly increase the degree of noncompliance under Bylaw § 3.8, and would alter the natural scenic beauty of the area. The Werners did not appeal that decision.

4.  The Werners subsequently submitted a conditional use application for the construction of a 10' x 10' attached deck on the south side of the camp. In a February 28, 2007 decision, the DRB denied the 10' x 10' attached deck for the same reasons it had denied the proposed 25' x 25' deck: impermissible encroachment into the shoreland setback and alteration of the scenic beauty of the area. The February 28, 2007 decision approved construction of a detached 10' x 10' deck closer to the waterline. This decision was not appealed.

5.  At some time prior to October 21, 2015, two decks, each measuring 10' x 10', were built on the property. The decks are connected to each other and attached to the south side of the camp. Two sets of stairs—on the east and west sides of the decks—lead down to the ground. The decks and stairs are within the 40-foot shoreline setback.

Town may bring. Given that the appeal now before us concerns Appellant's own application for approval, her claim that she doesn't need approval is not relevant to the pending application.

[5] This application, and subsequent applications, also sought approval for other structures that are not relevant to the issues now before the Court.

4

6.      On October 21, 2015, the zoning administrator sent Ms. Werner a letter stating that the attached decks were noncomplying structures and would "need to be corrected."

7.      Ms. Werner subsequently applied for an amendment to the February 28, 2007 conditional use approval. The application sought approval for the two 10' x 10' decks and attached stairs.

8.      On March 31, 2016, the DRB issued a decision denying conditional use approval for the decks and stairs. The decision explains that the application was denied because (1) the decks and stairs substantially increase the camp's footprint, thereby increasing the degree of non-compliance; (2) the decks and stairs are within the 40' setback; (3) the decks and stairs may have an adverse impact on water quality; and (4) the scale and height of the decks and stairs is sufficiently out of character to create an undue adverse impact on the scenic beauty of the surrounding area.

9.      Ms. Werner timely appealed the March 31, 2016 decision to this Court.

### III.     Discussion

Under what is known as the successive-application doctrine, a zoning board denial of a zoning application is normally binding and prohibits the applicant from resubmitting the same application later. In re Dunkin Donuts S.P. Approval (Montpelier), 2008 VT 139, ¶ 8, 185 Vt. 583; see also 24 V.S.A. § 4470(a).

There are two exceptions to this rule. First, an application that was previously denied may be resubmitted if the zoning regulations changed in the interim in a way that might allow the application to be approved. E.g., In re Fenoff Accessory Dwelling Unit, No. 196-9-08 Vtec, slip op. at 5 (Vt. Envtl. Ct. Sep. 3, 2009) (Wright, J.). Second, an application that was previously denied may be resubmitted if the application is substantially changed to "address[] all concerns that prevented approval of the prior application." In re Armitage, 2006 VT 113, ¶ 4, 181 Vt. 241.

In the case now before us, all three applications for a deck on the south side of the camp were submitted under the same version of the zoning regulations. The first exception to the rule therefore does not apply. While each successive application was altered, the alteration only changed the square footage of the proposed deck and did not change that the decks were located within the shoreland setback. The later applications do not address the concerns that caused the DRB to deny the initial (and subsequent) application: that the deck would increase the degree of

5

nonconformity by increasing the footprint of the camp within the setback, and that the deck would be aesthetically unacceptable and out of character with the surrounding area.

## Conclusion

Because neither of the exceptions apply here, we conclude that the current application is barred by the successive-application doctrine. Because the application is barred, we cannot reach the questions regarding increased noncompliance and character of the area set out in Questions 5 and 6. We therefore **GRANT** summary judgment to the Town on Questions 5 and 6.

Since our August 31, 2016 Decision left Questions 5 and 6 as the only remaining Questions to be addressed in this appeal, and we now have determined that the successive application doctrine prohibits our review of the current application and the Questions that Appellant/Applicant has presented, we conclude that summary judgment must be entered in the Town's favor on all remaining legal issues, thereby concluding this appeal.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court concerning this appeal.


Electronically signed on July 26, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division