# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 91-7-17 Vtec

| Hawkins Bay Lane Minor SD |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Planning Commission Subdivision (91-7-17 Vtec)

Title:          Motion to Dismiss (Motion 3)

Filer:          Betsy and Tim Etchells, Christine and Hugh McBridge, and Stuart M. MacCrellish

Attorney:     Alexander J. LaRosa

Filed Date:   November 14, 2017

Response in Opposition filed on 11/29/2017 by Attorney Michael T. Russell for Appellants Marjorie London and John Evans

Reply in Support filed on 12/11/2017 by Attorney Alexander J. LaRosa for Interested Persons

**The motion is DENIED.**

The present appeal is of a June 26, 2017 decision, by the Town of Ferrisburgh ("Town") Planning Commission ("Planning Commission") denying an application submitted by John Evans and Marjorie London ("Applicants"). The matter currently before the Court is a motion to dismiss the pending appeal submitted by Betsy and Tim Etchells, Christine and Hugh McBride, and Stuart M. MacCrellish ("Interested Parties").

In considering the pending motion, the Court views all factual allegations presented in a light most favorable to the non-moving party, which in this appeal is Applicants. See Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

The Applicants' property was created by subdivision in 1992. When the property was subdivided, the Planning Commission approved the subdivision with conditions. The prior owner of Applicants' property appealed that decision to the court which at that time had jurisdiction over municipal land use appeals from municipalities in Addison County: the Addison County Superior Court.[1] During that proceeding, the prior owner entered into a settlement agreement with the other parties in that municipal land use appeal. This settlement agreement was then incorporated into a judgement order that resolved the land use appeal. The judgment order also

---

[1] The Environmental Division of the Vermont Superior Court, previously known as the Vermont Environmental Court, was in 1995 granted the jurisdiction to hear appeals from all Vermont municipal land use determinations.

incorporated the parties' stipulated term that a restrictive covenant would be included in the deed to Applicants' property. The covenant, in relevant part, includes a clause creating a "no build zone" in which no buildings may be constructed.

On March 27, 2017, Applicants filed an amendment application with the Planning Commission for a minor revision to the parcel's final plat to reconfigure the "no build zone." The application was denied, and Applicants appealed that denial to this Court.

Interested Parties move to dismiss the current land use appeal, based on lack of subject matter jurisdiction, pursuant to V.R.C.P. 12(b)(1). Interested Parties argue that the application proposes to impermissibly amend the judgement order entered by the former Addison Superior Court, such that this Court lacks jurisdiction to hear the case. In addition, they argue that the pending amendment application is barred under 24 V.S.A. § 4472 and the successive-application doctrine. Applicants disagree, arguing the application submitted was to alter a final plat, which, they argue, is separate and apart from the former Superior Court's judgement order.

We must address a preliminary matter. When a case before the Court involves an underlying property dispute, with regard to the property disputed, the Court must determine whether an applicant has met a threshold burden of producing some evidence of a legal interest and right in the property to be developed. See, e.g., In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.); Appeal of Curtis, Nos. 46-2-05 Vtec, 72-4-05 Vtec, slip op. at 6 (Vt. Envtl. Ct. Mar. 22, 2006) (Durkin, J.). When the Court inquires into whether an applicant has met their threshold burden, it must balance this burden with the Court's jurisdictional limitations. Appeal of Curtis, Nos. 46-2-05 Vtec, 72-4-05 Vtec at 6 (Mar. 22, 2006).

In the present appeal, the uncontested evidence shows that Applicants own the subject property and their deed contains a restrictive covenant preventing building in the defined "no build zone." The application before the Court specifically requests minor revisions to the parcel's final plat, so as to reconfigure the "no build zone."

As the Applicants own the subject property, and the application before the Court is a final plat amendment, the Applicants have met the relatively low threshold burden of showing an interest in the property to be developed. See Lieter, No. 85-4-07 Vtec at 5 (Jan. 2, 2008).[2] Applicants remain subject to the "no build zone" covenant as it is currently configured. The Court understands that the application, as a practical matter, is an attempt to find relief from the restriction, which was initially created by the final plat Applicants seek to amend. Even so, we conclude that Applicants have met this threshold burden, since they are the fee simple holders of title to the subject property.

---

[2] We further note, to the extent this action addresses the enforcement and amendment of a restrictive deed covenant, this Court is without jurisdiction to interpret private property rights. See Appeal of Yates and Leetle, No. 158-9-04 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 4, 2005) (Durkin, J.). The Court notes that this present matter is based in an application to amend the parcel's final plat; however, the parcel is still subject to the restrictive covenant. Further, the aspect of the final plat Applicants seeks to reconfigure is the "no build zone" as included in the covenant. This Court must leave the resolution of the restriction prohibiting building in the "no build zone" to a court with jurisdiction to hear such claims.

It appears that the Interested Persons believe that Applicants' current appeal is an attack on the jurisdiction of a "sovereign" and separate court within our Judiciary. We believe that the Interested Persons' assessment is incorrect. In the twenty-six years that have passed since that 1992 judgment was rendered the structure and jurisdiction of our state trial courts has changed, as well as the names by which we refer to those courts. In 1992, what was then known as the Vermont Superior Courts principally handled civil litigation arising within their individual Counties. Included in their jurisdiction were de novo appeals from municipal land use determinations taken from individual zoning boards and planning commissions in their respective towns and cities. In 1995, jurisdiction over all municipal land use determinations throughout our State was transferred to what was then known as the Vermont Environmental Court. What was once heard by the individual superior courts in each county was now heard by a state-wide specialty court. However, this transfer of jurisdiction did not affect the nature of the municipal land use appeals.

Applicants appropriately cite to In re Dunkin Donuts S.P. Approval, 2008 VT 139, 185 Vt. 583 as the most applicable precedent to the legal issue before us. Most important from that precedent, the Dunkin Donuts Court noted that land use appeals must be viewed differently than other civil litigation, since land use appeals do not always follow all of the rigid "finality" rules of civil litigation. Id. at ¶ 7 (noting that the "'successive-application doctrine' is a distinct set of preclusive rules developed specifically for zoning proceedings") (citations omitted). This doctrine, the Court reasoned, does not eliminate the respect that must be afforded to final judgments in all litigation matters. Rather, the Court noted that in municipal land use litigation, subsequent applications for authority to develop land that was the subject of a prior municipal panel or court determination may be allowed under the successive-application doctrine. The Court cited to its prior precedent to explain the doctrine provided for a standard of that was "different from, and frequently more flexible than, the six narrow exceptions to claim preclusion carved out by [Civil] Rule 60(b)" which is the usual way to avoid preclusion and reopen final judgments. Id. at ¶ 7-8 (citations omitted).

For all these reasons, we conclude that the pending appeal from the Planning Commission's 2017 denial of Applicants' request to revise the 1992 final plat determination is within the scope of our jurisdiction.

Interested Parties additionally argue that the present application is barred by 24 V.S.A § 4472 and the successive application doctrine. This argument is based upon two prior interactions that Applicants had with the Town.

First, in 2007, Applicants submitted a conditional use application to construct a single-family dwelling in the shoreline zoning district. The house would respect the 180-foot setback that was stipulated to by the parties in the 1992 subdivision appeal, but Applicants wished to also attach a porch that would encroach into the 180-foot setback. As to the porch, the Town of Ferrisburgh Zoning Board of Adjustment ("ZBA") members stated that they could not reach a final determination. Applicants have represented that one of the reasons stated by the ZBA for their uncertainty was that the 1992 final plat determination required a 180-foot setback that must be respected, even though the zoning regulations had since been amended to reduce the setback

minimum to 80 feet.  Applicants then withdrew the application and constructed their house, without the setback-encroaching porch.

In 2009, Applicants sent a letter to the Town asking whether the Town had the authority to amend the 1992 final plat determination made by the Addison Superior Court, so that they could seek approval for the porch construction within the "no build zone."  The Town issued a letter in response stating it lacked authority to grant such an approval.  Applicants took no further action after receiving the Town's 2009 reply, until they filed their plat amendment application in 2017.

Municipal panel decisions that are not appealed become binding on the parties pursuant to § 4472.  The term "decisions" is not defined by statute, however, "the word connotes finality . . . if a 'decision' does not resolve an issue it is not really a decision, but mere commentary or analysis."  Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jul. 15, 2016) (Walsh, J.).  Such commentary, guidance, and non-binding discussions are not appealable under 24 V.S.A. § 4471(a).  Id. (citations omitted).

Here, Applicants submitted a prior application in 2007 that they withdrew before the ZBA rendered a decision.  Interested Parties assert that the ZBA's representation that it "fe[lt] that it cannot make a decision" on the application was, in effect, a denial.  Looking at this statement, and the fact that the ZBA continued the hearing to a later date, the Court cannot conclude that this statement was a final and binding decision, but instead is commentary on the potential limitations on the ZBA's authority to issue the conditional use approval.  Therefore, there was no decision rendered on the 2007 application and its submission is not subject to § 4472.

Similarly, the 2009 letter inquired of the Town's authority over permitting building in the "no build zone" such that Applicants could determine how to proceed with the construction of a porch.  The Town's letter in response provides analysis and guidance regarding the Town's understanding of its jurisdiction to permit an application to construct a porch within the "no build zone" that was not yet submitted to the Town.  Applicants' letter did not address, and the Town's response did not reach a conclusion regarding a request to build the porch within the "no build zone."  The Town's letter, therefore, is not a final and binding decision pursuant to § 4472 that bars the present application.

Under the successive-application doctrine, a municipal panel or court "may not entertain a second application concerning the same property after a previous application has been denied, unless a substantial change of conditions ha[s] occurred or other considerations materially affecting the merits of the request have intervened between the first and second application."  In re Application of Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 58, 199 Vt. 19.

The successive-application doctrine applies only when an application submitted has been denied.  As the Court found above, the Town did not reach a decision regarding the 2007 application.  Further, the Court does not classify the 2009 letter as an application.  Rather, the 2009 letter was a request for guidance on the scope of the Town's jurisdiction.  Therefore, the successive-application doctrine does not apply to the present application.

As the Court has jurisdiction to hear this appeal and the application is not precluded by either § 4472 or the successive-application doctrine, Interested Parties' motion to dismiss is

**DENIED**.  An Entry Order regarding the pending motion to continue trial accompanies this Entry Order.

**So Ordered.**

Electronically signed on January 31, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Michael T. Russell (ERN 2640), Attorney for Appellant John Evans and Marjorie London
Alexander J. LaRosa (ERN 5814), Attorney for Interested Persons Betsy and Tim Etchells,
    Christine and Hugh McBride, and Stuart M. MacCrellish
Benjamin W. Putnam (ERN 1198), Attorney for the Town of Ferrisburgh