VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00025



| | |
|---|---|
| Pest Pro, Inc. Appeal | DECISION ON MOTIONS |

This is an appeal by Pest Pro, Inc. (Appellant) of a decision of the Town of South Hero (Town) Development Review Board (DRB) denying Appellant's application for site plan amendment to expand the number of parking spaces from 8 to 12 spaces at Appellant's office located at 238 U.S. Route 2, South Hero, Vermont (the Property). Interested parties and neighboring property owners Susan and Walt Mahany and Maria Cryan (together, Interested Parties). Presently before the Court is Appellant's motion for summary judgment. Interested Parties oppose the motion.

**Statement of Questions**

Appellant's motion seeks judgment in its favor on all issues before the Court raised in its Statement of Questions. There are five Questions before the Court. They ask:

> 1. Does the Settlement Agreement and Stipulated Judgment Order issued by this Court in Quackenbush CU and SP (Docket No. 5-1-15 Vtec) prohibit a later proposed site plan amendment to expand the number of parking spaces at the property located at 238 US Route 2 in South Hero, Vermont, from 8 spaces to 12 spaces?
>
> 2. Does the Settlement Agreement and Stipulated Judgment Order issued by this Court in Quackenbush CU and SP (Docket No. 5-1-15 Vtec) require relief from judgment or order pursuant to V.R.C.P. 60 for a site plan amendment to expand the number of parking spaces at the property located at 238 US Route 2 in South Hero, Vermont, from 8 spaces to 12 spaces?
>
> 3. Does Condition #4 in the site plan approval issued by the Town of South Hero Planning Commission on December 17, 2014, stating that "[a]ny change of use or to the site plans as presented shall require re-submission for conditional use/site plan approval, with the exception of utilizing the existing access from U.S. Route 2 and upgrading it to AOT Specification and Permit" specifically allow for a later proposed site plan amendment to expand the number of parking spaces at the

1

property located at 238 US Route 2 in South Hero, Vermont, from 8 spaces to 12 spaces?[]

4. Pursuant to the Town of South Hero Development Regulations effective September 13, 2021, should the application for site plan amendment submitted by Appellant on February 2, 2024 (Application No. 24-45-RT238)—which would allow for an expansion of the number of parking spaces at the property located at 238 US Route 2 in South Hero, Vermont, from 8 spaces to 12 spaces—be approved?

5. Do the criteria of "changes in factual or regulatory circumstances beyond the control of a permittee" or "changes in the construction or operation of the permittee's project, not reasonably foreseeable at the time the permit was issued" articulated in In re Stowe Club Highlands, 166 Vt. 33, 687 A.2d 102 (1996), establish that the site plan approval issued by the Town of South Hero Planning Commission on December 17, 2014, for the property located at 238 US Route 2 in South Hero, Vermont—and later modified by the Settlement Agreement and Stipulated Judgment Order issued by this Court in Quackenbush CU and SP (Docket No. 5-1-15 Vtec)—should be amended to allow for an expansion of the number of parking spaces from 8 spaces to 12 spaces?

Statement of Questions (filed on April 25, 2024).

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is a dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A). The party opposing a motion for summary judgment "cannot simply rely on mere allegations in the pleadings to rebut credible documentary or affidavits . . . but must respond with specific facts that would justify submitting [their] claims to the factfinder." Robertson v. Mylan Labs., Inc., 2005 VT 15, ¶ 15, 176 Vt. 356. (citing Gore v. Green Mtn. Lakes, Inc., 140 Vt. 262, 266 (1981); V.R.C.P. 56(e); State v. G.S. Blodgett Co., 163 Vt. 175, 180 (1995)).

## Factual Background

The Court must first address deficiencies in both parties' filings. Rule 56(c)(2) sets forth the requirements for a non-moving party to respond to a moving party's statement of undisputed material facts. To properly do so:

A nonmoving party responding to a statement of undisputed material facts and asserting that a fact is genuinely disputed, that the materials cited do not establish the absence of a genuine dispute, or that the moving party cannot produce admissible evidence to support the fact, must file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible materials. The responding party must reproduce each numbered paragraph of the moving party's statement before including the response thereto.

V.R.C.P. 56(c)(2).

In addition to responding to a moving party's statement of undisputed material facts, "to the extent that the responding party asserts that there are additional material facts that should be considered, the party may file a separate and concise statement of additional material facts in numbered paragraphs, with specific citations to particular parts of admissible materials in the record." Id.

Interested Parties did not file a paragraph-by-paragraph response to Appellant's statement of undisputed material facts. Instead, they filed their own statement of additional undisputed material facts with supporting materials. They argue that this filing is sufficient under Rule 56(c)(2) and that they were not obligated to file a paragraph-by-paragraph response to the Appellant's statement of undisputed material facts. This assertion is inconsistent with the requirements of Rule 56(c)(2), which states that the nonmoving party "<u>must</u> file a paragraph-by-paragraph response" that complies with Rule 56(c)(2). That a nonmoving party may avail itself of the opportunity to file a statement of additional material facts does not negate the obligation that a party file a responsive document as required by the first portion of the rule. This is supported by the fact that Rule 56 contemplates consequences for failing to respond to a statement of undisputed material facts as required by Rule 56(c). See V.R.C.P. 56(e) ("Failing to Property Support or Address a Fact. If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order.").

Thus, Interested Parties did not properly respond to Appellant's statement of undisputed material facts. Further, Appellant did not respond to Interested Parties' statement of additional undisputed material facts. While V.R.C.P. 56(c)(3) states that such a response "may" be filed, as

3

opposed to the mandatory requirement set forth in subsection (2), the terms of Rule 56(e) remain relevant.

Thus, the Court is presented with two statements of undisputed material facts that are without responses. It is clear from the filings that Interested Parties dispute aspects of Appellant's factual assertions. Some of these disputes, however, are not material and/or go to the weight those facts should be given as opposed to their substance. Thus, the Court reviews the pending statements of fact with consideration to the Court's discretion under V.R.C.P. 56(e)(1)—(4).

We recite the following facts solely for the purposes of deciding the pending cross-motions. These facts do not constitute factual findings because factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng're, Inc., 170 Vt. 632, 633 (2000) (mem.).

1. Appellant Pest Pro owns property having an address of 238 U.S. Route 2, South Hero, Vermont.

2. The Property is located along Heritage Drive, which is a dead-end road that intersects with U.S. Route 2.

3. Susan and Walt Mahany own property located at 17 Heritage Drive.

4. Mary Ann Cryan's mother owns property located at 23 Heritage Drive.

5. In 2014, Appellant received conditional use and site plan approval from the DRB and Town Planning Commission (Planning Commission), respectively, to operate its commercial pest control business at the Property.

6. Those approvals were appealed to this Court and resolved by a settlement agreement between the parties (the Settlement Agreement). The Settlement Agreement was incorporated into a final stipulated judgment order issued by the Court.

7. Appellant's business has been operating out of the Property since the Court issued the stipulated judgment order.

8. Appellant's business operations at the Property include using the former residence as an office, the storage of equipment and materials, and parking, both for employees and commercial vehicles.

9. The site plan approved by the Settlement Agreement depicted 8 spaces and the Settlement Agreement required the installation of a buffer strip. See Appellant Ex. 19.

10. Except as modified therein, the Settlement Agreement did not alter the conditions of the site plan and conditional use approvals issued by the DRB and Planning Commission, which incorporated each other by reference.

11. The Planning Commission's decision included Condition 4 stating that "[a]ny change of use or to the site plans as presented shall require re-submission for conditional use/site plan approval, with the exception of utilizing the existing access from U.S. Route 2 and upgrading it to AOT Specifications and Permit." Interested Parties' (IP) Ex. 6 at 6.

12. On February 2, 2024, Appellant applied for a permit amendment to increase the total number of permitted parking spaces at the Property from 8 to 12.

13. On April 2, 2024, the DRB denied that application (2024 Decision). Appellant Ex. 9.

14. The 2024 Decision noted that the appeals of the 2014 DRB and Planning Commission decisions were resolved by the Settlement Agreement and stipulated judgment order. Id. at 2.

15. The DRB denied the application and stated as its sole conclusion that "[d]ue to the Environmental [Division] Judgement and based on the advice of counsel, the Board must deny the permit. If the Applicant obtains appropriate relief from the Judgment through the Environmental [Division], then the DRB can reconsider the permit application." Id. at 3.

16. The DRB did not apply any of the permit amendment factors as articulated in In re Hildebrand, 2007 VT 5, ¶¶ 11—12, 181 Vt. 568 nor did the DRB analyze the application on the merits.

17. Appellant timely appealed to this Court.

### Discussion

Questions 1 through 3 address, generally, whether Appellant may seek amendment of the 2014 permits, as modified by the Settlement Agreement and, if so, the process by which to do so. The material facts relevant to these Questions are not in dispute and indicate that the Appellant is entitled to judgment as a matter of law on these Questions.

Condition 4 of the 2014 Planning Commission decision contemplates that "[a]ny change of use or to the site plans as presented shall require re-submission for conditional use/site plan approval, with the exception of utilizing the existing access from U.S. Route 2 and upgrading it to AOT Specifications and Permit." IP Ex. 6 at 6. This condition was incorporated by reference into the DRB's conditional use decision. The condition was not altered by the Settlement Agreement, which explicitly states that the conditions imposed below remained unchanged except as modified therein. Thus, Condition 4 remains in effect and it specifically contemplates that any future change to the use or site plan relative to the Property would require an amendment. Nothing within the Settlement Agreement prohibited a later amendment application relative to parking. In fact, Condition 4 specifically contemplates such future amendments. Further, Interested Parties do not dispute that the

Settlement Agreement did not prohibit a subsequent permit amendment application.[1] We therefore **GRANT** Appellant's motion for summary judgment with respect to Questions 1 and 3.

Question 2 addresses whether a V.R.C.P. 60 motion was required to amend the site plan. Neither party addresses this argument despite Appellant moving for judgment on this Question. In In re Dunkin Donuts S.P. Approval (Montpelier), the Vermont Supreme Court concluded that an applicant was not required to file a Rule 60(b) motion in order to amend permit conditions imposed by a stipulated agreement incorporated into a final court order granting approval for the site plan. 2008 VT 139, ¶ 7–13, 185 Vt. 583.[2] Thus, because Appellant seeks to amend a condition that was included in the Settlement Agreement, which was incorporated into a stipulated judgment order, the means to do so are to apply for a permit amendment before the DRB. Therefore, the material facts are not in dispute and Appellant is entitled to judgment as a matter of law on Question 2.

This leaves the Court with Questions 4 and 5, which functionally ask whether the application meets the relevant Stowe Club Highlands/Hildebrand standards and should ultimately be approved. Both parties' briefs heavily address these issues.

The DRB never applied Hildebrand to the pending application to determine whether the amendment application may proceed and, if so, was ultimately approvable. The DRB's decision contemplated reviewing these aspects of the permit only after receiving "relief" from the Settlement Agreement and associated judgment order. As set forth above, this Court concludes that Appellant may seek a permit amendment to amend its site plan from 8 to 12 parking spaces. The DRB, however, did not analyze the relevant permit amendment standards. Additionally, if the DRB concludes that the application may proceed to its merits, the DRB must undertake this merits review. It has not yet done so. While not addressed by the parties, it would be inappropriate for this Court to undertake such an analysis in the first instance. See In re Maple Tree Place, 156 Vt. 494, 500 (1991) (noting that the Court goes "beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the [municipal panel] and on which interested persons have not spoken in the local process."); see also In re Evans Clearing Limits, No. 21-ENV-00035, slip op.

---

[1] Interested Parties dispute whether Appellant satisfies Stowe Club Highlands, 166 Vt. 33 (1996), and/or Hildebrand standards relevant to whether such an amendment application may successfully move to consideration on the merits.

[2] The Court notes that the Dunkin Donuts decision addressed the interrelation between the successive application doctrine and V.R.C.P. 60(b). While it briefly addressed Stowe Club Highlands, in a footnote, it did not address Hildebrand, which was issued one year earlier. The decision was, however, based on the competing balance of flexibility and finality in land use decisions, like that present in both Stowe Club Highlands and Hildebrand, and how that relates to the need to file a Rule 60(b) motion. Thus, we conclude that Dunkin Donuts is relevant to the pending application.

at 3 (Vt. Super. Ct. Envtl. Div. July 29, 2022) (Durkin, J.) (noting that this Court has "inherent discretion . . . to remand a case to an administrative body or municipal panel where that body has failed to take evidence on or decide a critical legal issue.") (citing id.). Therefore, the Court must **DENY** Appellant's motion with respect to Questions 4 and 5 and **REMAND** the remainder of this matter to the DRB for review of the application in the first instance.

### Conclusion

For the foregoing reasons, we conclude that the material facts are not in dispute and Appellant is entitled to judgment as a matter of law on Questions 1 through 3. The Court therefore **GRANTS** Appellant judgment on these Questions and concludes that Appellant may seek a permit amendment regarding the number of parking spaces at the Property. With respect to Questions 4 and 5, the DRB has yet to consider whether this permit amendment application may proceed under the Hildebrand test. Furthermore, the DRB never reached the substance of the permit amendment application. Thus, we **DENY** Appellant's motion with respect to Questions 4 and 5. We **REMAND** this appeal to the DRB for consideration of the application under the Hildeband test, and if appropriate, a merits review.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 27th day of February 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division